## A10A1081. SCHWARTZ v. BRANCHEAU.
(702 SE2d 737)

POPE, Senior Appellate Judge.

In this personal injury action involving an automobile collision, plaintiff Keith Brancheau introduced evidence at trial that defendant Norman Schwartz consumed alcohol prior to losing control of his vehicle and crashing into Brancheau. Following a jury verdict in favor of Brancheau, Schwartz appeals, contending that the trial court should have excluded evidence of his alcohol consumption because (1) there was no pending claim for punitive damages and (2) there was no evidence that he was intoxicated. Finding no reversible error by the trial court, we affirm.

This case stems from an automobile accident that occurred in the evening hours of April 5, 2008 along a sharp curve on a two-lane road in Douglas County. The curve in the road was wet from rain earlier that day, and visibility was limited due to fog. It is undisputed that as Schwartz approached the curve in his pickup truck, he was driving too fast given the poor road conditions. When he entered the

---

464

curve, Schwartz lost control of his truck, swerved into the opposite lane of traffic, and struck the left front side of the on-coming vehicle driven by Brancheau.

Brancheau brought this personal injury action against Schwartz to recover damages for the injuries he sustained in the automobile collision. According to the complaint, Schwartz was intoxicated when he lost control of his vehicle and crashed into Brancheau. Brancheau further alleged that he fractured his left foot and left forearm and tore his anterior cruciate ligament in his left knee as a result of the collision, and he prayed for a variety of damages, including special, compensatory and punitive damages, plus attorney fees and costs.

In accordance with OCGA § 33-7-11 (d) of the uninsured motorist statute, Brancheau served his uninsured/underinsured motorist ("UM") carrier, Allstate Insurance Company, with a copy of the summons and complaint. Allstate answered and cross-claimed against Schwartz for any sums that Allstate became obligated to pay.

Brancheau entered into a settlement with Schwartz's limited liability carrier, United Services Automobile Association, and a limited release was entered in favor of Schwartz prohibiting any claims from being asserted against him unless there was other insurance available to cover those particular claims. The only other available insurance was the UM policy with Allstate, and the case proceeded forward with Allstate defending the suit in the name of Schwartz pursuant to OCGA § 33-7-11 (d).

Schwartz moved to dismiss Brancheau's claims for punitive damages and attorney fees on the ground that those claims were not an element of loss recoverable under the UM policy.[1] Schwartz also moved in limine to exclude any evidence regarding his alcohol consumption prior to the collision on the basis that such evidence would be irrelevant once the punitive damages claim was dismissed.

Prior to the commencement of trial, Schwartz stipulated that he had driven negligently but continued to contest the amount of damages proximately caused by the automobile collision. The trial court subsequently dismissed Brancheau's punitive damages and attorney fees claims, but denied the motion in limine pertaining to the evidence of Schwartz's alcohol consumption. The case then proceeded to trial on the issues of proximate cause and damages.

At trial, the state trooper who responded to the accident scene

---

[1] Although Schwartz styled his motion as a motion in limine to preclude Brancheau from arguing or raising his claims for punitive damages and attorney fees, the motion in essence was a motion to dismiss those claims. See *Roberts v. Bienert*, 183 Ga. App. 751, 755 (2) (360 SE2d 25) (1987) ("The well established rule in Georgia is that . . . the substance, rather than the nomenclature, of legal pleadings determines their nature.") (citation and punctuation omitted).

testified that he smelled the odor of alcohol on Schwartz's breath and that Schwartz admitted to having consumed alcohol. According to the trooper, he had been unable to reach a conclusion as to whether Schwartz was impaired as a result of his alcohol consumption. In this respect, the trooper noted that Schwartz had been too injured in the collision to submit to an alco-sensor test or field sobriety tests. The trooper further noted that his shift had been extremely hectic that day due to the number of accidents on the roadways, and he had been unable to travel to the hospital where Schwartz was taken in order to request that Schwartz submit to further testing for the presence of alcohol.

The trooper was excused from the witness stand and the proceedings were adjourned for the day. When the trial recommenced the following morning, Schwartz moved to strike the trooper's testimony regarding alcohol consumption. In addition to the argument raised in his motion in limine, Schwartz argued that the trooper's testimony was irrelevant on the ground that there was no evidence that Schwartz was impaired at the time of the collision. The trial court denied the motion.

Later that day, during the course of his direct examination, Brancheau was asked about what impact it had on him when he learned that Schwartz had consumed alcohol prior to the collision. Schwartz objected on the grounds of relevancy, but Brancheau responded that such questions were pertinent to his claim for damages for his pain and suffering. The trial court overruled the objection and permitted Brancheau to answer.

After hearing all of the testimony,[2] the jury returned a verdict in favor of Brancheau. The verdict included damages for Brancheau's medical expenses and lost wages, his future medical expenses and lost wages, and compensatory damages (which included damages for pain and suffering). This appeal followed.

1. Schwartz contends that the trial court abused its discretion in denying his motion in limine to exclude the state trooper's testimony regarding his alcohol consumption. According to Schwartz, evidence of alcohol consumption is an aggravating circumstance relevant to punitive damages, but Brancheau's punitive damages claim was dismissed from the case prior to trial. As such, Schwartz contends that the trooper's testimony was irrelevant.

Schwartz's contention is controlled directly and adversely to him by the case of *Shelter Mutual Ins. Co. v. Bryant*, 220 Ga. App. 526 (469 SE2d 792) (1996). In *Shelter Mutual*, the trial court denied a motion in limine by the UM carrier to exclude evidence of the

---

[2] Schwartz did not attend the trial or testify by way of deposition.

defendant driver's consumption of alcohol. Id. at 527. As a result of its default in failing to answer the complaint, the estate of the defendant driver had admitted that the driver was negligent. Id. The UM carrier had admitted that the automobile accident was a covered policy event. Id. Consequently, the case had proceeded to trial solely on the issue of what damages were proximately caused by the accident. Id. at 527-528. In affirming the trial court's denial of the motion in limine, we first rejected the UM carrier's argument that evidence of alcohol consumption is only relevant in automobile accident cases where punitive damages are sought: "That evidence of alcohol consumption is an aggravating circumstance in awarding punitive damages does not mean that such evidence is automatically inadmissible if punitive damages are *not* sought, however." (Emphasis in original.) Id. at 528 (1). We then went on to hold that evidence of "[the defendant driver's] alcohol consumption was inextricably linked to the accident, and to [his] negligence." Id. Despite the admission of negligence, we concluded that such evidence "was relevant to the jury's inquiry because . . . the elements of proximate cause and damages were still subject to proof." Id. at 529 (1).

Schwartz attempts to distinguish *Shelter Mutual* by asserting that unlike the defendants in that case, he admitted *liability* for the automobile accident, not simply negligence. His assertion, however, is belied by the record. An admission of liability requires that the defendant concede that he was negligent and that his negligence was the proximate cause of the plaintiff's damages. See *Harrison v. Feather*, 211 Ga. App. 468, 469 (1) (439 SE2d 706) (1993); *Dilworth v. Boeckler*, 187 Ga. App. 241 (370 SE2d 17) (1988). Here, while Schwartz initially stated that he was admitting liability, he later clarified to the trial court prior to trial that he was not conceding the issue of proximate cause and in fact requested a jury charge on the issue. The trial court subsequently instructed the jury on proximate cause without objection from Schwartz. Accordingly, the record reflects that like in *Shelter Mutual*, Schwartz admitted negligence but not proximate cause and damages, which remained elements "still subject to proof" at trial. *Shelter Mutual Ins. Co.*, 220 Ga. App. at 529 (1). It follows that the trooper's testimony regarding Schwartz's alcohol consumption "was inextricably linked to the accident," id. at 528 (1), and that the trial court acted within its discretion in allowing the jury to consider this testimony "in determining what caused [Brancheau's] injuries." Id. at 529 (1).

Contrary to Schwartz's assertion, the case of *Dees v. Logan*, 281 Ga. App. 837, 837-838 (1) (637 SE2d 424) (2006), rev'd on other grounds, 282 Ga. 815 (653 SE2d 735) (2007), did not hold that evidence of alcohol consumption is *only* relevant to punitive damages. In *Dees*, the trial court granted a motion in limine to exclude

evidence of the defendant driver's intoxication over the plaintiffs' objection that "such evidence was probative of their entitlement to punitive damages." Id. at 838 (1). We affirmed on the ground that none of the defendants could be held liable for punitive damages as a matter of law. Id. In doing so, we expressly declined to address whether such evidence would have been admissible on the alternative ground that it was relevant to the issue of proximate cause. Id. at 838 (1), n. 1. Schwartz's reliance on *Dees*, therefore, is misplaced.

2. Schwartz also contends that the trial court erred in denying his motion to strike the state trooper's testimony regarding his alcohol consumption. His contention is that the testimony should have been stricken because there was no evidence reflecting that he was impaired in his driving by his consumption of alcohol. We are unpersuaded.

As an initial matter, Schwartz did not move to strike the trooper's testimony until the day after the testimony was given. Hence, the motion was untimely and Schwartz failed to preserve the alleged error for appeal. See *Bailey v. Edmundson*, 280 Ga. 528, 533-534 (5) (630 SE2d 396) (2006); *McCannon v. State*, 268 Ga. 393, 395 (5) (489 SE2d 801) (1997); *Dept. of Transp. v. Wallace Enterprises*, 234 Ga. App. 1, 4 (5) (505 SE2d 549) (1998).

In any event, the trooper's testimony was properly admitted.

> Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value[,] the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.

(Citations and punctuation omitted.) *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 604 (4) (431 SE2d 383) (1993). See also *Hand v. Pettitt*, 258 Ga. App. 170, 172-173 (1) (a) (573 SE2d 421) (2002). A trial court's ruling on the relevancy issue is reviewed only for an abuse of discretion. See *Wilson*, 208 Ga. App. at 604 (4).

No abuse of discretion occurred in this case. The question of whether a motorist's consumption of alcohol impaired his driving capabilities and entered into the proximate cause of the collision is best left for the jury's resolution. See *Butts v. Davis*, 126 Ga. App. 311, 318 (10) (190 SE2d 595) (1972). Thus, a trial court has discretion to admit even minimal evidence of alcohol consumption, as in *Seitz v. McCullough*, 138 Ga. App. 147, 148 (225 SE2d 917) (1976), where the only evidence of intoxication was that the defen-

468

dant driver's breath smelled of alcohol after the accident. Nevertheless, we held that while "[t]he mere odor of alcohol by itself is weak evidence of intoxication[,] . . . it does have a logical connection to that issue, and should be considered by the jury[ ] . . . in deciding whether a person is intoxicated." Id. at 150. Similarly, in *Butts*, 126 Ga. App. at 318 (10), the only apparent evidence of intoxication was the defendant driver's admission that he consumed one twelve ounce can of beer immediately before the collision. In light of this precedent, we conclude that the trial court acted within its discretion in permitting the trooper to testify that Schwartz smelled of alcohol and admitted to having consumed alcohol before the collision.

3. Schwartz further contends that the trial court erred in allowing Brancheau to testify over objection about the impact it had on him when he learned that Schwartz had consumed alcohol prior to the collision. Even assuming without deciding that it was error to allow Brancheau's testimony, Schwartz has failed to show harm resulting from the error. See *Lamb v. Javed*, 303 Ga. App. 278, 282 (2) (692 SE2d 861) (2010) (the burden is on the appellant to show harm as well as error, and "error which is harmless will not be cause for reversal") (footnote omitted). The jury already had before it evidence of Schwartz's alcohol consumption in the form of the state trooper's properly admitted testimony. "Where there is other evidence relating to the same issues the error addresses, it is highly probable the error did not contribute to the judgment and is, therefore, harmless." (Citation and punctuation omitted.) *Murray v. Barrett*, 257 Ga. App. 438, 439-440 (1) (571 SE2d 448) (2002). See also *In the Interest of A. C. O.*, 269 Ga. App. 667, 672 (2) (605 SE2d 77) (2004) (noting that "evidence which is cumulative of other legally admissible evidence of the same fact[ ] renders harmless admission of incompetent evidence") (citation and punctuation omitted).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED OCTOBER 14, 2010.

*Fain, Major & Brennan, James F. Taylor III, Savell & Williams, Matthew J. Ashby*, for appellant.

*Atkins & Attwood, William J. Atkins, James A. Attwood*, for appellee.