**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 17, 2013**

# In the Court of Appeals of Georgia

A13A0363. RIVERS v. K-MART CORPORATION.

MCMILLIAN, Judge.

We granted Richard Rivers' application for interlocutory appeal to determine whether the trial court erred by denying his motion in limine seeking to exclude evidence of his prior criminal record in his action against K-Mart Corporation for malicious prosecution. As more fully set forth below, we find it necessary to remand this case for further consideration as directed in this opinion.

As is pertinent here, the record shows that in November 2008, Rivers was arrested and prosecuted for allegedly shoplifting at a K-Mart store in Jonesboro, Georgia. The charges against him were ultimately dismissed, and he instituted the present action against K-Mart for malicious prosecution. During discovery, Rivers disclosed his extensive criminal record, including several convictions for various

offenses and numerous arrests which did not result in convictions. Rivers sought to exclude the evidence as prejudicial and irrelevant to the issues being tried, and K-Mart opposed the motion, arguing that the evidence was relevant on the issue of damages, specifically Rivers' claim that he suffered emotional distress and anxiety as a result of his arrest and prosecution, and for purposes of impeachment.[1] The trial court agreed with K-Mart and denied the motion, finding that it was relevant for the jury to consider the evidence of Rivers' "exposure to the criminal justice system and its affect on him," in evaluating Rivers' claims for damages based on his emotional distress and anxiety.[2] The trial court, however, did not make any findings concerning whether there was a danger that introduction of this evidence might prejudice Rivers' claim or confuse or mislead the jury.

---

[1] K-Mart reasoned that the jury should be allowed to weigh "the measure of emotional distress brought about by [Rivers'] arrest and prosecution [in this case] against the fact that he has been arrested over . . . (20) times."

[2] The trial court also found the evidence might become admissible for impeachment purposes if Rivers opened the door to his criminal history or arrest record during trial, and Rivers does not challenge that portion of the trial court's order.

"A trial court's ruling on a motion in limine is reviewed for abuse of discretion." (Citation and punctuation omitted.) *McKissick v. Aydelott*, 307 Ga. App. 688, 692 (2) (705 SE2d 897) (2011).

The first question we consider is whether the evidence was, as the trial court found, relevant to Rivers' claim for damages based on emotional distress.[3] At the time the motion in limine was decided, OCGA § 24-2-1 provided that "[e]vidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." The New Evidence Code, under which this case will be tried,[4] provides "the term 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without

---

[3] To prove a claim for malicious prosecution under OCGA § 51-7-40, the plaintiff must prove (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) brought with malice; (4) under a valid warrant, accusation or summons; (5) which terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff. *Wal-Mart Stores, Inc. v. Blackford*, 264 Ga. 612, 613 (449 SE2d 293) (1994); *Renton v. Watson*, ___ Ga. App. ___ (Case Number A12A1713, decided February 26, 2013). Damages for emotional distress may be recovered in an action for malicious prosecution. *Turnage v. Kasper*, 307 Ga. App. 172, 188 (2) (704 SE2d 842) (2010).

[4] "This Act shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date." Ga. L. 2011, p. 99, § 101.

the evidence." OCGA § 24-4-401. And pursuant to OCGA § 24-4-402, "[e]vidence which is not relevant shall not be admissible."

We have held[5] that "[n]o precise and universal test of the relevancy of testimony is furnished by the law. The question must be determined in each case according to the teachings . . . of reason and judicial experience." (Citation and punctuation omitted.) *Brock v. Wedincamp*, 253 Ga. App. 275, 281 (1) (558 SE2d 836) (2002). And "[e]vidence of doubtful relevancy or competency should be admitted and its weight left to the jurors." (Citation omitted.) *American Multi-Cinema, Inc. v. Walker*, 270 Ga. App. 314, 319 (4) (a) (605 SE2d 850) (2004).

Acknowledging our deference to the trial court's discretion, we recognize that the fact that Rivers has been arrested and incarcerated on numerous occasions might have some probative value on the issue of whether Rivers suffered emotional distress and anxiety when he was arrested and incarcerated after being accused of shoplifting at K-Mart. *Udemba v. Nicoli*, 237 F3d 8, 15 (1st Cir. 2001); *Halvorsen v. Baird*, 146 F3d 680, 686-687 (II) (B) (9th Cir. 1998); *Christmas v. Chicago*, 691 FSupp.2d 811, 817-818 (1) (G) (N.D. Ill. 2010); *Gonzalez v. City of Tampa*, 776 So.2d 291, 293 (Fla.

---

[5] We express no opinion on the viability of these principles under the New Evidence Code.

4

Dist. Ct. App. 2001). But concluding that the evidence is probative does not end our inquiry, and it should not have ended the trial court's either. At the time the motion in limine was decided, our law provided that

> trial judges may exercise discretion in excluding relevant evidence if its probative value is substantially outweighed by the risk that its admission will confuse the issue, mislead the jury, or create substantial danger of undue prejudice. In making their decision, trial courts should consider the potential prejudice to the parties, the complexity of issues and the potential for jury confusion, and the relative convenience, economy, or delay that may result.

(Citation omitted.) *Wood v. D. G. Jenkins Homes, Inc.*, 255 Ga. App. 572, 573 (565 SE2d 886) (2002).

Further, under the New Evidence Code, it is similarly stated that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." As stated above, however, it does not appear from the trial court's order that the court considered whether Rivers' prior arrests nevertheless should be excluded because of their inherently prejudicial nature or because they potentially

5

would confuse or mislead the jury.[6] Thus, because this finding is within the trial court's discretion, we must remand this case to the trial court for further consideration and findings in accordance with this opinion. Further, we remind the trial court that the future trial in this case will be governed by the New Evidence Code, and any additional motions or hearings should also be governed by those provisions. Lastly, because we are remanding this case for further proceedings after having previously allowed an interlocutory appeal on this issue, any appeal from the trial court's subsequent order in this case may proceed directly to this Court.

*Case remanded with direction. Andrews, P. J., and Dillard, J., concur.*

---

[6] Although we find that Rivers preserved this issue for appeal, it does not appear that the trial court was squarely presented with this argument.