**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 7, 2014**

# In the Court of Appeals of Georgia

A14A0752. RIVERS v. K-MART CORPORATION.                DO-039

DOYLE, Presiding Judge.

In an action for malicious prosecution and false imprisonment, Richard Rivers appeals from the denial of his motion in limine to exclude evidence of his prior arrests and convictions.[1] He contends that the trial court abused its discretion by finding that, with respect to only the damages portion of his claims, the evidence of Rivers's experience with the criminal justice system was not barred by OCGA § 24-4-403. Because the trial court did not abuse its discretion, we affirm.

---

[1] The ruling is directly appealable because it follows this Court's remand "for further proceedings after [the Court] previously allowed an interlocutory appeal on this issue." *Rivers v. K-Mart Corp.*, 321 Ga. App. 788, 790 (743 SE2d 464) (2013).

This is the second appearance of this case. In the earlier appeal, *Rivers v. K-Mart Corp.*,[2] (*Rivers I*) the Court provided the following background, which is relevant here:

> [T]he record shows that in November 2008, Rivers was arrested and prosecuted for allegedly shoplifting at a K-Mart store in Jonesboro, Georgia. The charges against him were ultimately dismissed, and he instituted the present action against K-Mart for malicious prosecution. During discovery, Rivers disclosed his extensive criminal record, including several convictions for various offenses and numerous arrests which did not result in convictions. Rivers sought to exclude the evidence as prejudicial and irrelevant to the issues being tried, and K-Mart opposed the motion, arguing that the evidence was relevant on the issue of damages, specifically Rivers'[s] claim that he suffered emotional distress and anxiety as a result of his arrest and prosecution, and for purposes of impeachment. The trial court agreed with K-Mart and denied the motion, finding that it was relevant for the jury to consider the evidence of Rivers'[s] "exposure to the criminal justice system and its effect on him," in evaluating Rivers'[s] claims for damages based on his emotional distress and anxiety. The trial court, however, did not make any findings concerning whether there was a danger that introduction of this evidence might prejudice Rivers'[s] claim or confuse or mislead the jury.[3]

---

[2] Id.

[3] (Footnotes and punctuation omitted.) Id. at 788-789.

On appeal, this Court affirmed the trial court's ruling as to relevancy but remanded the case for consideration of the issue of undue prejudice and other factors in OCGA § 24-4-403.[4]

On remand, the trial court analyzed the challenged evidence under OCGA § 24-4-403 and deemed it admissible. The trial court acknowledged "that the presentation of [Rivers's] extensive criminal history might be misconstrued by a jury," so the court bifurcated the trial and allowed the challenged evidence in the damages portion of the trial only. Rivers now appeals.

1. "As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse."[5] OCGA § 24-4-403, which tracks the language of Rule 403 of the Federal Rules of Evidence, was adopted as part of Georgia's new Evidence Code. "Given the similarity between Georgia's new [E]vidence [C]ode and the Federal Rules of Evidence, it is proper that we give

---

[4] See id. at 790.

[5] (Punctuation omitted.) *Williams v. State*, __ Ga. App. __ (1) (Case No. A14A0986; decided Aug. 26, 2014). See also *Rivers I*, 321 Ga. App. at 790 (evidentiary ruling is an exercise of discretion by the trial court).

consideration and great weight to constructions placed on the Federal Rules by the federal courts."[6]

The balancing test under Federal Rule 403, as well as OCGA § 24-4-403,

> is a quintessentially fact-sensitive enterprise, and the trial judge is in the best position to make such factbound assessments. Recognizing that coign of vantage, we typically give the district court wide latitude when evaluating the delicate balance that Rule 403 requires. Only rarely – and in extraordinarily compelling circumstances – will we, from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect.[7]

In this context, we discern no reversible error in the trial court's ruling on Rivers's criminal history. With respect to his malicious prosecution claim, "[i]n addition to the requirements that the criminal prosecution be carried on maliciously

---

[6] (Citation and punctuation omitted.) *Williams*, ___ Ga. App. at ___ (1), n. 14.

[7] *Udemba v. Nicoli*, 237 F3d 8, 15-16 (III) (A) (1st Cir. Mass. 2001). See also 2 Weinstein's Federal Evidence § 403.02 ("If there is doubt about the existence of unfair prejudice, confusion of issues, misleading, undue delay, waste of time, or needless presentation of cumulative evidence, it is generally better practice to admit the evidence, taking necessary precautions by way of contemporaneous instructions to the jury followed by additional admonitions in the charge. . . Since the thrust of the Federal Rules favors admissibility, the trial court will tend to view the probative force of the evidence most favorably towards the proponent of the evidence, unless the probative value of the evidence is so low as to warrant exclusion when prejudicial factors are present.") (endnotes omitted).

4

and without probable cause, [Rivers] must also prove damage as an element of the tort."[8] As this Court stated in *Rivers I*, "we recognize that the fact that Rivers has been arrested and incarcerated on numerous occasions might have some probative value on the issue of whether Rivers suffered emotional distress and anxiety when he was arrested and incarcerated after being accused of shoplifting at K-Mart."[9] The trial court had already concluded likewise and has now accounted for the risk of improper influence on the jury by excluding the evidence during the phase of the trial when the jury would decide whether K-Mart was liable to Rivers. Therefore, evidence of Rivers's criminal record will cause him no prejudice whatsoever during the liability phase. During the damages portion, the jury can be instructed as to the proper use of the evidence.[10] Also, as noted by the trial court, citing *United States v. Emeron Taken Alive*,[11]

---

[8] *Wal-Mart Stores v. Blackford*, 264 Ga. 612, 614 (449 SE2d 293) (1994).

[9] *Rivers I*, 321 Ga. App. at 789-790.

[10] See, e.g, *Taylor v. Racetrack Petroleum, Inc.*, 238 Ga. App. 761, 763 (1) (519 SE2d 282) (1999) (noting ameliorative effect of bifurcation).

[11] 262 F3d 711, 714-715 (8th Cir. 2001) ("There is a difference between evidence that . . . hurts a party's case and evidence that is unfairly prejudicial.").

the issue is not whether the evidence is prejudicial in the sense that it may be detrimental to the Plaintiff's case, but instead whether the probative value of the evidence is substantially outweighed by unfair prejudice. Evidence is unfairly prejudicial, as opposed to merely prejudicial, when it would influence the jury to decide a case on an improper basis and not merely [admissible] evidence that hurts a party's case. . . .

In light of the facts of this case, we conclude that the trial court did not abuse its discretion in ruling that the probative value, introduced during the damages stage only, of Rivers's criminal record was not substantially outweighed by the danger of improper prejudice.[12] We emphasize that such evidence may not be admissible in every case, but the case before us presents no reversible abuse of the trial court's discretion.

2. Rivers also challenges the trial court's ruling, in a footnote, that the evidence of his criminal record could be admissible at trial if "the door is opened by Defendant to allow its admissibility." Defendant K-Mart, as the proponent of the evidence, would not be in a position to "open the door" to the evidence, so we assume the use

---

[12] See *Udemba*, 237 F3d at 16 (III) (A) (in an action under 42 U.S.C. § 1983, evidence of unrelated arrest for domestic violence deemed admissible under Federal Rule 403 to delineate the extent of plaintiff's humiliation caused by allegedly wrongful arrest and excessive force).

of the word "Defendant" was a misnomer referring to Rivers. Beyond that, the trial court's prospective statement in a footnote that Rivers's future trial conduct could somehow open the door to admissibility at trial does not present a reviewable ruling at this time.[13]

*Judgment affirmed. Miller and Dillard, JJ., concur.*

---

[13] See *Wellstar Health Sys., Inc. v. Sutton*, 318 Ga. App. 802, 805 (3) (734 SE2d 764) (2012) ("Georgia appellate courts are not authorized to render advisory opinions as to potential error.").