**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2015**

# In the Court of Appeals of Georgia

A15A1365. AGIC et al. v. METROPOLITAN ATLANTA RAPID
     TRANSIT AUTHORITY et al.

RAY, Judge.

Abedina Agic and her parents, Mehmed and Alma Agic, (the "plaintiffs"), filed a complaint for damages against Metropolitan Atlanta Rapid Transit Authority ("MARTA") and one of its bus drivers, Nolan Davis, for injuries that Abedina Agic ("Agic") sustained in a motor vehicle collision involving a MARTA bus.[1] Following a trial, the jury returned a verdict in favor of MARTA and Davis, which was made the final judgment of the trial court. The plaintiffs appeal from the verdict and judgment, contending that the trial court erred in excluding evidence regarding a traffic citation

---

[1] Katy Cole was the driver of one of the other vehicles involved in the collision and was named as an additional defendant, but she was voluntarily dismissed from the action prior to trial. Cole is not a party to this appeal.

that had been issued to Davis in conjunction with the accident. For the reasons that follow, we reverse.

Although certain aspects of the accident were contested, it was undisputed that the accident started with a collision between a MARTA bus driven by Davis and a car driven by Katy Cole, and that the collision occurred while Davis was attempting to change lanes on North Druid Hills Road. Following this initial collision, Cole's car traveled across the roadway into the lanes of oncoming traffic, where it was struck by a sport-utility vehicle driven by Justin Hawkins. Agic, who was a passenger in Hawkins' SUV, was seriously injured in the accident.

After the wreck, the police initially told Davis that he was "clear to go." Shortly after leaving, however, Davis was directed to return to the scene of the accident, where the police issued him a citation for improper lane change. The citation indicates on its face that the improper lane change was involved in the accident.[2] Davis ultimately paid the citation online without appearing in traffic court, which

[2] MARTA and Davis argue in their appellate brief that the plaintiffs failed to make a proffer of the citation to the trial court and, thus, that the citation is not properly in the record for the purposes of appellate review. However, as noted by the trial court, a copy of the citation was duly filed in the record below.

resulted in a bond forfeiture.[3] Furthermore, after an internal investigation by MARTA, Davis signed a report acknowledging that the accident was "preventable." Within MARTA, this meant that Davis was at fault or responsible for the accident.

Prior to trial, MARTA and Davis filed a motion in limine to exclude any reference to the citation that had been issued to Davis in connection with the accident, including the fact that he had paid the fine for the citation. The trial court granted the motion without stating its findings.

At trial, Davis' testimony regarding his actions and the circumstances of the accident differed from other witness testimony. An eyewitness to the accident testified that Davis activated his turn signal "for like half a second" and immediately merged into the right lane of traffic "[w]ithout looking or anything[.]" The eyewitness further testified that Cole's car had been traveling in the right lane at the time and that

---

[3] Although MARTA and Davis argue in their appellate brief that there was no evidence in the record to show that Davis did not appear in traffic court, we note that defense counsel presented argument to the trial court on the motion in limine that Davis understood "that he paid a fine and did not have to appear [in traffic court]," but that he did not realize that his payment of the fine and failure to appear would result in a bond forfeiture. Thus, counsel implicitly admitted that Davis failed to appear in traffic court and that Davis forfeited his bond. See *9766, LLC v. Dwarf House, Inc.*, 331 Ga. App. 287, 291 (4) (a) (771 SE2d 1) (2015) ("[a]dmissions of fact, made by a party's counsel during a hearing or trial, are regarded as admissions in judicio and are binding on the party") (citation and punctuation omitted).

the front of Davis' MARTA bus collided with Cole's car, causing it to spin in front of the bus and veer across the roadway into oncoming traffic, where it was struck by Hawkins' SUV. Davis, however, testified that he activated his turn signal and looked in his mirror twice to confirm that the right lane was clear before he attempted to change lanes. He further testified that he felt a "bump" in the *rear* of his vehicle, but that he did not know what it was. He then testified that he looked in his mirror again and observed Cole's car *behind* his bus making a turn into the path of oncoming traffic, where it was struck by Hawkins' SUV.

To bolster his version of events, Davis testified that the police officer told him during the accident investigation that he was "clear to go." He even testified that he asked the police officer if it was good idea to leave because "I didn't know whether I was involved or not[,]" and that the officer "demanded that I leave." Although he admitted that he signed the internal MARTA report acknowledging that he was at fault for the "preventable" accident, he endeavored to minimize his acknowledgment of fault by testifying that "[MARTA] told me it was preventable, so I had to sign the [report]." Thus, Davis's testimony was not only inconsistent with eyewitness testimony, it was inconsistent with him having been issued a citation in connection with the accident, inconsistent with his acknowledgment of fault in the internal

4

MARTA report, and inconsistent with his decision to pay the fine for the improper lane change citation without appearing in traffic court to contest it.

Before cross-examining Davis, the plaintiffs' counsel asked the trial court, outside the presence of the jury, to reconsider its ruling on the motion in limine. After hearing argument from counsel, the trial upheld its earlier ruling. Consequently, the plaintiffs were precluded from cross-examining Davis regarding the citation to establish negligence per se in the violation of a traffic law, as well as for the purposes of impeachment.

In three related enumerations of error, the plaintiffs contend that the trial court erred in excluding admissible evidence that Davis had made an admission of guilt regarding the citation for improper lane change by forfeiting his bond. Under the circumstances presented here, we agree.

1. "Decisions regarding the admissibility of evidence and the scope of cross-examination fall within the trial court's discretion. Such decisions will not be reversed absent a clear abuse of discretion." (Footnotes omitted.) *Eubanks v. Waldron*, 263 Ga. App. 75, 75 (587 SE2d 253) (2003).

We have consistently held that where a party pays a fine on a citation and fails to appear in court on a citation, the party's failure to appear is deemed an admission

5

of guilt, and this admission may subsequently be used in a civil action for damages as an admission against interest to establish negligence. See *Cannon v. Street*, 220 Ga. App. 212, 214 (2) (469 SE2d 343) (1996) (defendant admitted that he committed the offense alleged in the citation by virtue of his failure to appear in court and by forfeiting his cash fine); *Roberts v. Ledbetter*, 218 Ga. App. 860, 860 (1) (463 SE2d 533) (1995) (defendant's admission that he failed to appear to contest a traffic citation could be used to establish negligence per se). These rulings are consistent with OCGA § 40-13-58, which provides that a party cited for a traffic violation who posts a cash bond and subsequently forfeits the bond by failing to appear has legally pled guilty. "Under such circumstances, plaintiff has established negligence per se in the violation of a statute, which is a prima facie showing of negligence." (Citation and punctuation omitted.) *Roberts*, supra.

However, we have also ruled that no such admission occurs when a defendant simply pays a fine after pleading not guilty on a citation, pleads nolo contendere, or is adjudicated guilty by a traffic court after pleading not guilty. *Waszczak v. City of Warner Robins*, 221 Ga. App. 528, 528-530 (1) (471 SE2d 572) (1996) (no explicit voluntary admission of guilt shown where defendant pled not guilty to citation and then posted a cash bond, particularly where there was no evidence to show that

defendant changed his plea or totally failed to appear in court); *Hunter v. Hardnett*, 199 Ga. App. 443, 443 (1) (405 SE2d 286) (1991) ("an adjudication of guilt by a traffic court that the defendant was in violation of a law alleged to be the proximate cause of the plaintiff's injuries is inadmissible . . ." because the defendant makes no admission of guilt under this circumstance) (citations omitted); *Reese v. Lyons*, 193 Ga. App. 548, 548 (5) (388 SE2d 369) (1989) (evidence of a nolo contendere plea to a traffic citation is inadmissible since it is not an admission of guilt). Such circumstances are not present in the instant case.

Here, there is no evidence that Davis entered any plea or took any action with regard to the citation which would preclude the admissibility of his failure to appear as an admission against interest. While it is true that simply paying a fine is not, in and of itself, an admission of guilt, see *Waszczak*, supra at 529-530 (1), the record in this case is not limited to the payment of the fine. In the instant case, there was evidence that Davis signed an internal MARTA report acknowledging that the accident was preventable and understood this to mean that he was at fault. Furthermore, Davis "admitted that he [improperly changed lanes] as alleged in the traffic citation, by failing to appear in court and by forfeiting his . . . bond." *Cannon*,

supra. Accordingly, we find no reasonable basis for excluding evidence of the bond forfeiture at the trial of this case.

Although MARTA and Davis argue on appeal, as they did below, that Davis asked one of his daughters to go online and pay the fine for the citation on his behalf, there is a lack of evidentiary support for this argument. Even if such facts had evidentiary support, we find no merit in their argument that such payment and the resulting bond forfeiture should not be construed as an admission against interest on Davis' part. Regardless of whether Davis paid the fine personally or had his daughter do it on his behalf, the evidence is undisputed that Davis was aware of the citation and that he authorized the payment of the fine. See *Burnette v. Brown*, 272 Ga. App. 383, 383-384 (2) (612 SE2d 489) (2005) (where defendant was aware that she had been issued a citation for failure to maintain lane, defendant's husband paid citation on defendant's behalf and later informed her of that fact, and defendant subsequently failed to appear in court to contest the citation, the resulting bond forfeiture was admissible as evidence of an admission against interest in a personal injury action brought against defendant). Compare *Howard v. Lay*, 259 Ga. App. 391, 391-393 (1) (577 SE2d 75) (2003) (evidence of bond forfeiture properly excluded where defendant was unconscious after the accident and did not find out that she had been

8

issued a citation or that her husband had paid the fine until long after her court date had passed).

2. Given our finding that the exclusion of evidence regarding the bond forfeiture was in error, we must now determine whether the error affected the verdict. The doctrine of harmless error in civil cases is set forth in OCGA § 9-11-61, which provides, in relevant part, that

> [n]o error in . . . the exclusion of evidence . . . by the court . . . is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

There appears to be no explicit standard in our case law for weighing error in civil cases. Thus, the determination of whether the error affected a party's "substantial rights" or whether the failure to correct the error would be "inconsistent with substantial justice" is often difficult to ascertain. Clearly, "whether an error requires reversal depends on the nature of the error and the importance of the issue to which it applies." (Citation and punctuation omitted.) *Phillips v. Harmon*, 297 Ga. 386, 392 (I) (B) (744 SE2d 596) (2015).

9

In forfeiting his bond, Davis made an admission of guilt to making an improper lane change. See OCGA § 40-13-58; *Cannon*, supra. Had this admission been allowed into evidence, the plaintiffs would have established negligence per se in the violation of a traffic law and, thus, a prima facie showing of negligence on the part of Davis. See *Roberts*, supra. We are unpersuaded by the appellees' argument that this admission against interest would have been merely cumulative of Davis' acknowledgment of fault in the internal MARTA report because Davis was allowed to provide unfettered testimony to discredit his acknowledgment. We find that the exclusion of Davis' bond forfeiture on the citation affected "substantial rights" of the plaintiffs because it prevented them from impeaching Davis on this important aspect of the case. Furthermore, as a result of the exclusion of the citation and bond forfeiture, Davis was allowed to provide testimony that the police officer investigating the accident had informed him that he was "clear to go," thereby creating the impression that Davis had been exonerated by the police.

In sum, the trial court's exclusion of the evidence relating to Davis' citation and bond forfeiture precluded the plaintiffs from establishing negligence per se by virtue of his admission against interest, and it further deprived them of viable

opportunities to impeach Davis. Accordingly, we find that under the facts of this case that the verdict cannot stand.

*Judgment reversed. Barnes, P. J., and McMillian, J., concur*.