**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 27, 2019**

# In the Court of Appeals of Georgia

A18A1705. BARRETT et al. v. BURNETTE.

RICKMAN, Judge.

Following an automobile collision where Robert Barrett struck Richard Burnette's unoccupied parked car, Barrett and his wife filed a complaint for damages in tort against Burnette. The jury returned a verdict in favor of Burnette, but found that Burnette was negligent and that both Burnette and Barrett were each fifty percent at fault for the accident. Barrett contends that the trial court erred by granting Burnette's motion in limine to exclude all evidence related to Burnette's intoxication on the night of incident. For the following reasons, we reverse.

We construe the evidence to support the jury's verdict. See *Chrysler Group v. Walden*, 303 Ga. 358, 359 (I) (812 SE2d 244) (2018). So construed, the evidence showed that on the night of July 11, 2015, Burnette was driving his car when he

received a flat tire and was unable to drive any further. Burnette claimed that he pulled his car off the roadway, turned on his emergency flashers, and walked to his house in order to call for help because his cell phone was not working. Once he got back to his house, Burnette called a wrecking service. After Burnette left his car in the road, Barrett, who was driving with a friend, hit Burnette's car at approximately 50 miles an hour, in excess of the speed limit. Barrett, his friend, and an independent witness who was driving on the opposite side of the road during the accident all testified that Burnette's car was stopped in the middle of road and did not have its emergency flashers on.

Approximately 45 minutes after he called the wrecking service, someone with the service called Burnette and informed him of the accident. Thereafter, Burnette's mom drove him back to the scene of the accident. As a result of the accident, Burnette pled guilty to a violation of OCGA § 40-6-275, which imposes a duty to remove a vehicle involved in a traffic accident.

Barrett and his wife filed suit against Burnette alleging that he "operat[ed] his vehicle in a careless, reckless and unsafe manner, failed to keep a proper lookout, failed to keep his vehicle under control, failed to remove his vehicle in violation of OCGA § 40-6-275, was driving under the influence in violation of OCGA § 40-6-391

2

(A) (1-5), and failed to exercise due care." The plaintiffs sought damages for, inter alia, medical expenses, pain and suffering, attorney fees, loss of consortium, and property damage.

Pursuant to OCGA § 33-7-11 (d) of the uninsured motorist statute, Barrett served his uninsured/underinssured ("UM") carrier, Progressive Classic Insurance Company, with a copy of the summons and complaint. Progressive answered and cross-claimed against Burnette for any potential sums that Progressive could be required to pay. Progressive elected to defend the suit in Burnette's name as allowed under OCGA § 33-7-11 (d).

Prior to trial, Burnette moved in limine to exclude any evidence related to the citation for driving under the influence ("DUI") that he received after he went back to the scene of the accident, as well as "any evidence relating to whether . . . Burnette was legally impaired or intoxicated prior to, during or after the accident at issue." The DUI citation indicates that on the date of at the accident at 10:33 p. m. Burnette had a blood alcohol level of .123. The citation was ultimately dismissed because "the State [did] not believe it would be able to prove driving under the influence beyond a reasonable doubt."

3

At the hearing on Burnette's motion in limine, Barrett did not object to the exclusion of the actual DUI citation, but he argued that testimony regarding Burnette's blood alcohol level, Barrett's observations that when Burnette came back to the accident scene he was staggering and slurring, and testimony from the Trooper about his observations of Burnette's demeanor should be admissible. Barrett argued that Burnette left his car in the middle of the road because he was too drunk to move it. Burnette claimed that he had two beers at his house while he was trying to call the wrecking service and that it had been approximately 45 minutes to an hour since he had driven the vehicle. The trial court granted the motion, excluding all evidence relating to Burnette's intoxication, finding that under OCGA § 24-4-403 the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

During the trial, Barrett, the friend that was in the car with him during the accident, and an independent witness who was driving on the opposite side of the road during the accident all testified that Burnette's car was stopped in the middle of Barrett's lane and did not have its emergency flashers on. Burnette was the only person to testify that he pulled his vehicle off the roadway and left it with its emergency flashers on. The jury found for Burnette but also found that he was

4

negligent and that both Burnette and Barrett were each fifty percent at fault for the accident. The trial court entered judgment on the verdict.

Barrett contends that the trial court erred by granting Burnette's motion in limine to exclude all evidence related Burnette's intoxication on the night of incident.

> We review the trial court's decisions on the admissibility of evidence, including a denial of a motion in limine, for an abuse of discretion. And motions in limine should only be granted with great care and when there is no circumstance under which the evidence at issue could be admissible at trial. By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.

(Citation and punctuation omitted.) *Central Ga. Women's Health Center v. Dean*, 342 Ga. App. 127, 139 (2) (800 SE2d 594) (2017).

Under OCGA § 24-4-402, "[a]ll relevant evidence shall be admissible, except as limited by constitutional requirements or as otherwise provided by law or by other rules[.]" Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401.

"Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403. However, "Rule 403 is an extraordinary remedy which the courts should invoke sparingly, and the balance should be struck in favor of admissibility." (Citation and punctuation omitted.) *Dean*, 342 Ga. App. at 141 (2). Additionally, this Court has held that "the question of whether a motorist's consumption of alcohol impaired his driving capabilities and entered into the proximate cause of the collision is best left for the jury's resolution." (Citation and punctuation omitted.) *Gwinnett County v. Sargent*, 321 Ga. App. 191, 193 (1) (738 SE2d 716) (2013).

In excluding the evidence, the trial court relied on the concurrence in *Shelter Mut. Ins. Co. v. Bryant*, 220 Ga. App. 526, 530 (1) (469 SE2d 792) (1996), which stated that while it was not an abuse of discretion to admit evidence of whether the driver in an accident was intoxicated, it may have been a better choice to omit the evidence due to its inflammatory nature because of the general public's appreciation of the dangers of drinking and driving. The trial court also found that the length of the time between Burnette leaving his car and his positive breath test rendered its

6

"probative value tenuous, but not totally irrelevant." Later, the trial court explained that she considered the most prejudicial part of the evidence was Burnette "being tested for alcohol intoxication an hour after the accident and then being arrested for it and the charge ultimately being dismissed."[1]

The main issue in this case was whether Burnette pulled his car to the side or left it in the middle of the road. This determination hinged upon the credibility of the witnesses. Thus, whether Burnette's intoxication after the accident affected his ability to recall where he parked his vehicle or if he was actually intoxicated at the time he parked it was highly relevant and should have been presented for the jury to consider. Under the trial court's broad ruling, Barrett was prohibited from even cross-examining Burnette about his admitted alcohol consumption and what affect that may have had on his recollection of events from the night of the accident. Barrett was also prohibited from examining his witnesses about their observations of Burnette's demeanor at the scene. The probative value of the evidence was not "tenuous" because it went to the ultimate issue of the case. Accordingly, the trial court abused its discretion in excluding all evidence related to Burnette's alcohol consumption. See

---

[1] We note that the trial court could have ameliorated this potential prejudice by excluding evidence regarding Burnette's arrest as opposed to excluding all evidence related to Burnette's intoxication.

*Gwinnett County*, 321 Ga. App. at 194 (1) (reversing the trial court and finding that it abused its discretion in excluding evidence of driver's blood-alcohol level); see also *Schwartz v. Brancheau*, 306 Ga. App. 463, 467-468 (2) (702 SE2d 737) (2010) (holding that it was not an abuse of discretion to admit evidence of the defendant driver's alcohol consumption).[2]

The error in excluding the evidence of Burnette's intoxication was not harmless. OCGA § 9-11-61 sets forth the doctrine of harmless error in civil cases and provides:

> No error in . . . the exclusion of evidence . . . is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

"[W]hether an error requires reversal depends on the nature of the error and the importance of the issue to which it applies." (Citation and punctuation omitted.) *Agic*

---

[2] Both of theses cases were decided prior to the adoption of our new evidence code but the standard for the admission of relevant evidence was similar: the evidence was admitted unless the potential for prejudice substantially outweighed its probative value. See *Gwinnett County*, 321 Ga. App. at 194 (1).

*v. Metropolitan Rapid Transit Authority*, 334 Ga. App. 679, 683 (2) (780 SE2d 79) (2015).

Here, the excluded evidence was relevant to the most important issue of the case, whether Burnette parked his vehicle in the middle of the road. The trial court's exclusion of the evidence precluded Barrett from establishing that Burnette may have been intoxicated at the time that he left his vehicle and/or from opportunities to impeach Burnette's testimony. Accordingly, under the facts and circumstances of this case, including the fact that the jury found both parties to be fifty percent at fault, we cannot say that the exclusion of the evidence was harmless. See generally, *Agic*, 334 Ga. App. at 683-684 (2).

*Judgment reversed. McFadden, P. J., concurs and Markle, J., dissents.**

**\* THIS OPINION  IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**

# In the Court of Appeals of Georgia

A18A1705. BARRETT et al. v. BURNETTE.

MARKLE, Judge, dissenting.

As the majority points out, we review a trial court's decision on a motion in limine for an abuse of discretion. In my view, the record reveals the trial court appropriately applied OCGA § 24-4-403 in considering the evidence. Therefore, I would respectfully dissent.

As an appellate court, we afford great deference to a trial court's evaluation and conclusions regarding the admissibility of evidence. Moss v. State, 298 Ga. 613, 618 (783 SE2d 652) (2016). In fact, we have observed that because the balancing test under OCGA § 24-4-403 is a

> quintessentially fact-sensitive enterprise, and the trial judge is in the best position to make such factbound assessments... only rarely – and in extraordinarily compelling circumstances–will we, from the vista of a cold appellate record, reverse a [trial] court's on-the spot judgment concerning the weighing of probative value and unfair effect.

(Citation omitted.) Rivers v. K-Mart Corp., 329 Ga. App. 495, 497 (1) (765 SE2d 671) (2014). "A proper application of the abuse of discretion review recognizes the range of possible conclusions the trial judge may reach, and that there will often be occasions in which we will affirm the evidentiary ruling of a trial court even though we would have gone the other way had it been our call." (Citations and punctuation omitted.) Williams v. State, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014).

My review of the record shows that the trial court specifically evaluated the particular facts of this case in light of the appellate authorities on both sides of the issue before concluding that the prejudicial effect of Appellee's alleged intoxication substantially outweighed its probative value. Cf. Bentley v. H.L. Ayers, 102 Ga.

2

App. 733 (117 SE2d 633 ) (1960) (affirming exclusion of evidence where there was no testimony that drinking occurred prior to accident); Schwartz v. Brancheau, 306 Ga. App. 463 (702 SE2d 737) (2010) (affirming trial judge's conclusion that intoxication evidence was admissible where it was inextricably linked to accident);. Moreover, the facts in this case were quite different from those in the authorities cited by the majority where each of the drivers was intoxicated at the time of the accident. In contrast, the record here is devoid of any evidence that Appellee was intoxicated at the time that he abandoned his vehicle. To allow the jury to consider whether he may have been intoxicated at the time he parked his car based solely on his actions one and a half hours later is to allow into evidence prejudicial speculation that has no probative value. Based on these considerations, I would not find the trial judge abused her discretion in weighing the probative value and prejudicial effect of such evidence. Therefore, I would affirm the trial court's evidentiary ruling.