Markle, Judge, dissenting.
As the majority points out, we review a trial court's decision on a motion in limine for an abuse of discretion. In my view, the record reveals the trial court appropriately applied OCGA § 24-4-403 in considering the evidence. Therefore, I would respectfully dissent.
As an appellate court, we afford great deference to a trial court's evaluation and conclusions regarding the admissibility of evidence. Moss v. State, 298 Ga. 613, 618, 783 S.E.2d 652 (2016). In fact, we have observed that because the balancing test under OCGA § 24-4-403 is a
quintessentially fact-sensitive enterprise, and the trial judge is in the best position to make such factbound assessments... only *705 rarely - and in extraordinarily compelling circumstances-will we, from the vista of a cold appellate record, reverse a [trial] court's on-the spot judgment concerning the weighing of probative value and unfair effect.
(Citation omitted.) Rivers v. K-Mart Corp., 329 Ga. App. 495, 497 (1), 765 S.E.2d 671 (2014). "A proper application of the abuse of discretion review recognizes the range of possible conclusions the trial judge may reach, and that there will often be occasions in which we will affirm the evidentiary ruling of a trial court even though we would have gone the other way had it been our call." (Citations and punctuation omitted.) Williams v. State, 328 Ga. App. 876, 880 (1), 763 S.E.2d 261 (2014).
My review of the record shows that the trial court specifically evaluated the particular facts of this case in light of the appellate authorities on both sides of the issue before concluding that the prejudicial effect of Appellee's alleged intoxication substantially outweighed its probative value. Cf. Bentley v. H.L. Ayers, 102 Ga. App. 733, 117 S.E.2d 633 (1960) (affirming exclusion of evidence where there was no testimony that drinking occurred prior to accident); Schwartz v. Brancheau, 306 Ga. App. 463, 702 S.E.2d 737 (2010) (affirming trial judge's conclusion that intoxication evidence was admissible where it was inextricably linked to accident);. Moreover, the facts in this case were quite different from those in the authorities cited by the majority where each of the drivers was intoxicated at the time of the accident. In contrast, the record here is devoid of any evidence that Appellee was intoxicated at the time that he abandoned his vehicle. To allow the jury to consider whether he may have been intoxicated at the time he parked his car based solely on his actions one and a half hours later is to allow into evidence prejudicial speculation that has no probative value. Based on these considerations, I would not find the trial judge abused her discretion in weighing the probative value and prejudicial effect of such evidence. Therefore, I would affirm the trial court's evidentiary ruling.