# Court of Appeals
# of the State of Georgia

ATLANTA,  January 31, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0373. DELPIANO v. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.

Daniel Delpiano brought this appeal challenging a final judgment reforming a security deed and declaring that JPMorgan Chase Bank, National Association has a superior interest in the subject property. JPMorgan has moved to dismiss the appeal, claiming that Delpiano lacks standing to challenge the final judgment because he has admitted under oath in a federal bankruptcy action that he does not own the subject property. See generally *New Cingular Wireless v. Ga. Dept. of Revenue*, 303 Ga. 468, 470 (1) (813 SE2d 388) (2018) ("the question of standing is a jurisdictional issue"). In response, Delpiano makes various allegations and claims that he has standing to challenge the judgment. But both parties acknowledge that their factual assertions and arguments on the issue of Delpiano's standing rely on facts that are not in the record and require the submission of new evidence. As we are a court for the correction of errors of law, *Nelson v. State*, 255 Ga. App. 315, 320 (4) (565 SE2d 551) (2002), the presentation of new evidence and development of a factual record on the issue of Delpiano's standing are not appropriate functions of this court, and instead are matters for the trial court. So we must "remand the case to the trial court for an evidentiary hearing and determination [of the issue] in the first instance[.]" *Reado-Seck v. State*, 346 Ga. App. 381, 386 (816 SE2d 355) (2018).

Accordingly, we hereby remand the case to the trial court with direction that it make appropriate findings of fact and conclusions of law as to the issue of Delpiano's standing. We note that a "remand[] for findings of fact and conclusions of law on [such] a specific issue . . . does not permit the lower court to reopen the

case for other purposes. Instead, the scope of the lower court's authority to act on remand is limited to the specific purpose of making the applicable findings and conclusions." *Head v. Hill*, 277 Ga. 255, 263 (II) (C) (587 SE2d 613) (2003) (citation and punctuation omitted), overruled in part on other grounds by *Young v. State*, 312 Ga. 71 (860 SE2d 746) (2021). We further note that "following the trial court's determination, the losing party may appeal the determination and any of the orders that were previously [raised in this] appeal." *God's Hope Builders v. Mount Zion Baptist Church of Oxford, Georgia*, 321 Ga. App. 435, 444 (741 SE2d 185) (2013). Accord *Rivers v. K-Mart Corp.*, 321 Ga. App. 788, 790 (743 SE2d 464) (2013) (after remand with direction, "any appeal from trial court's subsequent order in this case may proceed directly to this [c]ourt").



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/31/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*