A98A0297. WHORTON et al. v. BOATWRIGHT.
(504 SE2d 216)

SMITH, Judge.

In this medical malpractice action, the trial court granted a motion in limine excluding evidence regarding the physician's consumption of alcohol. The trial court excluded two categories of evidence. First, the court excluded the testimony of plaintiff/appellant Robert Whorton that, in his opinion, the physician was under the influence of alcohol at the time of the alleged malpractice. The court also excluded any evidence of alcohol use by the physician two days later or the excessive or improper use of alcohol by the physician on other occasions over ten years before and two years after the alleged malpractice. Under the particular circumstances of this case, we conclude that the trial court did not abuse its discretion in excluding the evidence, and we affirm.

These rulings involve the application of long-standing principles of Georgia law. It is generally accepted that a lay witness may give opinion testimony after stating an adequate factual basis for the opinion. "This court has repeatedly held that a person's state of mind or mental condition is properly the subject of opinion testimony and that after narrating the facts and circumstances upon which his conclusion is based, a nonexpert witness may express his opinion as to the state of mind or mental condition of another." (Citations and punctuation omitted.) *Briard v. State*, 188 Ga. App. 490, 492 (2) (373 SE2d 239) (1988). Proper subjects of such lay opinion testimony include intoxication, *Sweetenburg v. State*, 197 Ga. App. 36, 37 (3) (397 SE2d 451) (1990), as well as sanity, *Briard*, supra.

But this admissibility is not absolute. For example, the trial court may determine as a matter of law that the underlying facts can be clearly described for the jury and, therefore, that allowing the jury to hear an opinion it could reach for itself would invade the jury's exclusive province. *Johnson v. Knebel*, 267 Ga. 853, 857 (485 SE2d 451) (1997). Also, while ordinarily the sufficiency of the underlying facts to support the witness's opinion is a jury question, when the reasons stated by the witness are "plainly and indisputably" insuffi-

cient, the court may so hold as a matter of law. *Espy v. Preston*, 199 Ga. 608, 609 (3) (34 SE2d 705) (1945) (denial of new trial error because reasons stated by lay witnesses insufficient to support opinions regarding insanity and testamentary capacity).

We also note that prior or subsequent incidents of negligence or misconduct are not generally admissible to show that a party was negligent on the occasion at issue. "With some rare exceptions each negligence case must be decided with reference to the particular transaction and no other, and to give the jury facts regarding previous or subsequent similar occurrences from which they may infer that the plaintiff or the defendant has been negligent or free from negligence in the same manner on other occasions is both irrelevant and prejudicial." (Citations and punctuation omitted.) *Carsten v. Wilkes Supermarket of Gwinnett County*, 181 Ga. App. 834, 836 (2) (353 SE2d 922) (1987). Such evidence is considered "highly prejudicial to the issue of liability in the underlying negligence action." *Webster v. Boyett*, 269 Ga. 191 (496 SE2d 459) (1998) (trial court did not abuse discretion in excluding evidence of prior DUI offense from liability phase of negligence action involving DUI).[1] This rule also is subject to exceptions, such as those outlined in *Leo v. Williams*, 207 Ga. App. 321 (428 SE2d 108) (1993) (evidence of fixed and uniform habit), and similar decisions.

The trial court appears to have relied upon these principles in reaching its decision. The trial court noted that Mr. Whorton, in response to leading questions from counsel, stated as supporting facts for his conclusion observations that did not include the usual indicia of intoxication such as the smell of alcohol, bloodshot eyes, slurred speech, or lack of coordination. See, e.g., *Clay v. State*, 193 Ga. App. 377, 379 (387 SE2d 644) (1989) (bloodshot eyes and smell of alcohol insufficient factual basis for officer's conclusion that defendant was less safe driver; compared to evidence of slurred speech, unsteady gait, and erratic driving). The trial court also noted that evidence of consumption of alcohol on other occasions was not probative of impairment on the occasion in question. While not allowing Mr. Whorton to state an opinion, the trial court permitted him to testify regarding his factual observations to the jury. The admission or exclusion of evidence on the ground of relevance lies within the sound discretion of the trial court. *Pope v. Professional Funding Corp.*, 221 Ga. App. 552, 555 (3) (472 SE2d 116) (1996). Because, as the trial court noted, Mr. Whorton's testimony included none of the "classic appearances of drinking on that occasion," we cannot say that the trial court abused its discretion.

---

[1] In this action appellants have not sought punitive damages.

Also, because of the context in which this issue was presented, we must also consider the broad discretion given the trial court in refusing to amend a pretrial order. This issue was belatedly disclosed to the trial court on the morning of a specially set trial. As the trial court noted when the issue was first raised at the opening of the trial, the case had been on the trial calendar four times, and each trial notice indicated that motions in limine should be filed prior to calendar call. The case had been announced ready for trial. Neither the pleadings nor the pretrial order contained any indication that intoxication would be an issue in the trial. Both parties denied the existence of any peculiar evidentiary questions, and appellants provided no requests to charge on the issue. As the trial court observed, "both of you have played it close to the vest. You can't complain about a last-minute order on a close issue."[2]

The substance of the challenged testimony must be gleaned from appellants' brief proffer of testimony and the arguments of counsel on the opening day of trial. Discovery on this issue is incomplete; the record does not show that any of the two nurses and three other doctors who were present at the time of the alleged malpractice have been deposed regarding whether they observed signs of alcohol use or intoxication. No expert testimony has been presented regarding the degree of alleged impairment or its effect on the alleged malpractice.

"Once a pretrial order is entered, a party may not amend without leave of court or consent of the opposite party. . . . In passing upon the issue of whether to allow an amendment, the trial court considers if permitting such amendment would prevent manifest injustice and in doing so it is clothed with a broad discretion with which the appellate courts are loath to interfere." (Citations and punctuation omitted.) *Dept. of Transp. v. Baxley*, 194 Ga. App. 29, 30 (389 SE2d 519) (1989). Moreover, "[t]he burden is on the party seeking to amend the order to show lack of laches or lack of unexcusable delay in presenting the issue to the court." (Citation and punctuation omitted.) *Star Gas of Hawkinsville v. Robinson*, 225 Ga. App. 594, 596 (3) (484 SE2d 266) (1997), rev'd on other grounds, *Robinson v. Star Gas of Hawkinsville,* 269 Ga. 102 (498 SE2d 524) (1998). In the absence of a viable claim of surprise or unfairness, a trial court's refusal to amend a pretrial order is not an abuse of discretion. *Mullinax v. Shaw*, 143 Ga. App. 657, 661 (239 SE2d 547) (1977).

The Supreme Court of Georgia has emphasized the vital role of the pretrial order in ensuring an efficient and expeditious trial, as well as the duty imposed on each party to assist the trial court in pre-

---

[2] It appears that the parties agreed privately, without a written stipulation, to omit the issue from the pretrial order pending settlement negotiations.

paring a pretrial order that accurately identifies the real issues in the case: "As noted by one federal court, if pretrial orders are to continue to serve their laudable purposes, courts and litigants must take them seriously. A final pretrial order should say what it means, and mean what it says." (Citations, footnotes, and punctuation omitted.) *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 318 (486 SE2d 851) (1997).

The trial court made a commendable effort to consider on its merits the belatedly revealed evidence. But we cannot ignore that the parties, for whatever reason, failed to reveal to the court until the morning of a specially set trial a material issue known to them well before trial. Such an omission is not calculated to promote efficiency or the conservation of judicial resources, or to fully develop the relevant evidence. As the trial court correctly observed, "Isn't this precisely the kind of thing that pretrial orders were formulated to avoid?" We must consider this failure to comply with the requirements and purpose of a pretrial order, as well as the failure to show absence of laches or lack of unexcusable delay, the broad discretion given the trial court in deciding whether to amend a pretrial order, and the trial court's discretion in admitting or excluding evidence on the ground of relevance. Taking all these factors into account, we cannot say, in the unusual procedural circumstances of this case, that the trial court abused its broad discretion in denying appellants' motion to amend the pretrial order and granting defendant's motion in limine.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 23, 1998 —
RECONSIDERATION DENIED JULY 13, 1998 — ▮▮▮▮▮▮▮▮

*Greer, Klosik & Daugherty, John F. Daugherty, William F. Collins, Robert J. McCune*, for appellants.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, James B. Manley, Jr.*, for appellee.