310 Ga. 473
FINAL COPY

S19G1612. QUYNN v. HULSEY et al.

ELLINGTON, Justice.

We granted certiorari in this wrongful death and personal injury case to consider whether the Court of Appeals erred by holding that TriEst Ag Group, Inc., the employer of the driver whose truck struck and killed the decedent, was entitled to summary judgment on the estate's claims of negligent entrustment, hiring, training, and supervision because TriEst admitted the applicability of respondeat superior and the estate was not entitled to punitive damages. For the reasons set forth below, we conclude that OCGA § 51-12-33, also known as the apportionment statute, has abrogated the decisional law rule on which the Court of Appeals relied in affirming the trial court's grant of summary judgment. Accordingly, we reverse.

The record shows that Brandon Lanier was struck and killed by a truck driven by Riley Hulsey and owned by Hulsey's employer,

TriEst, while Lanier was attempting to cross a street in Tifton. Nancy Quynn, as administrator of Lanier's estate, brought this wrongful death and personal injury action against Hulsey and TriEst. The trial court granted partial summary judgment to TriEst on Quynn's claims for punitive damages and for negligent entrustment, hiring, training, and supervision. After a trial on Quynn's remaining negligence claims, the jury found Hulsey and TriEst 50 percent at fault and Lanier 50 percent at fault, and the trial court entered judgment on the verdict. Quynn was therefore precluded from recovering damages on behalf of Lanier's estate. See OCGA § 51-12-33 (g) ("[T]he plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for the injury or damages claimed.").

Quynn appealed to the Court of Appeals and contended, among other things, that the trial court erred in granting partial summary judgment to TriEst on its claims for negligent entrustment, hiring, training and supervision. In an unpublished opinion, the Court of Appeals affirmed, relying on that court's precedent to hold that

2

TriEst was entitled to partial summary judgment

> [b]ecause TriEst admitted the applicability of respondeat superior, and the trial court granted summary judgment to TriEst on the estate's punitive damages claim against TriEst,[1] TriEst was entitled to summary judgment on the estate's negligent entrustment, hiring, training and supervision claims[.]

*Quynn v. Hulsey*, 350 Ga. App. XXVI (Case No. A19A0689) (June 21, 2019). The Court rejected Quynn's argument that the apportionment statute required the trier of fact to consider the fault of all persons who contributed to the injury and so superseded the decisional law rule on which the trial court relied.

The decisional law rule at issue, which we will refer to as the "Respondeat Superior Rule," provides:

> [I]f a defendant employer concedes that it will be vicariously liable under the doctrine of respondeat superior[2] if its employee is found negligent, the employer

---

[1] Quynn did not contend on appeal that the trial court erred in granting summary judgment to TriEst on its punitive damages claim.

[2] Under the doctrine of respondeat superior, "[w]hen a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master." *Hicks v. Heard*, 286 Ga. 864, 865 (692 SE2d 360) (2010) (citation and punctuation omitted). See also OCGA § 51-2-2 ("Every person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his business,

3

is entitled to summary judgment on the plaintiff's claims for negligent entrustment, hiring, training, supervision, and retention, unless the plaintiff has also brought a valid claim for punitive damages against the employer for its own independent negligence.

*Hosp. Auth. of Valdosta/Lowndes County v. Fender*, 342 Ga. App. 13, 21 (2) (802 SE2d 346) (2017) (citations omitted). The Respondeat Superior Rule was first adopted by the Court of Appeals in *Willis v. Hill*, 116 Ga. App. 848, 853-868 (5) (b) (159 SE2d 145) (1967), reversed on other grounds, 224 Ga. 263 (161 SE2d 281) (1968). That Court has explained as a basis for the rule that because "the employer would be liable for the employee's negligence under respondeat superior, allowing claims for negligent entrustment, hiring, [training] and retention would not entitle the plaintiff to a greater recovery, but would merely serve to prejudice the employer." *MasTec North America v. Wilson*, 325 Ga. App. 863, 865 (755 SE2d

---

whether the same are committed by negligence or voluntarily."); *Chorey, Taylor & Feil, P.C. v. Clark*, 273 Ga. 143, 144 (539 SE2d 139) (2000) ("When an employee causes an injury to another, the test to determine if the employer is liable [under respondeat superior] is whether the employee was acting within the scope of the employee's employment and on the business of the employer at the time of the injury.").

257) (2014) (citations and punctuation omitted).[3]

To assess whether the Respondeat Superior Rule has been abrogated by the apportionment statute, we first consider the text of OCGA § 51-12-33, which was enacted in its current form in 2005. See Ga. L. 2005, p. 1, § 12. In the construction of "a statute, we afford the text its plain and ordinary meaning, viewed in the context in which it appears, and read in its most natural and reasonable way." *Carpenter v. McMann*, 304 Ga. 209, 210 (817 SE2d 686) (2018) (citation and punctuation omitted).

OCGA § 51-12-33 provides, in pertinent part:

> (a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

> (b) Where an action is brought against more than one person for injury to person or property, the trier of

---

[3] This Court has not had occasion to either adopt or reject the Respondeat Superior Rule as applied by *Fender, Willis, MasTec* and other decisions of the Court of Appeals. But for the purposes of this opinion only, we will assume that it was a valid doctrine at least before the apportionment statute was enacted.

fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

(c) In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.[4]

---

[4] The remainder of OCGA § 51-12-33 provides:
(d) (1) Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault.
(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.
(e) Nothing in this Code section shall eliminate or diminish any defenses or immunities which currently exist, except as expressly stated in this Code section.
(f) (1) Assessments of percentages of fault of nonparties shall be used only in the determination of the percentage of fault of named parties.
(2) Where fault is assessed against nonparties pursuant to this Code section, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in

These provisions require that "once liability has been established and the damages sustained by the plaintiff have been calculated, the trier of fact must then assess the relative fault of all those who contributed to the plaintiff's injury — including the plaintiff himself — and apportion the damages based on this assessment of relative fault." *Martin v. Six Flags Over Georgia II, L.P.*, 301 Ga. 323, 338 (III) (801 SE2d 24) (2017) (citation omitted).

Where "an action is brought against more than one person for injury to person or property," OCGA § 51-12-33 (b) directs that the jury apportion its damage award among persons who are liable according to the percentage of their fault. "Fault," for purposes of OCGA § 51-12-33 (b), "refers to a breach of a legal duty that a defendant owes with respect to a plaintiff that is a proximate cause of the injury for which the plaintiff now seeks to recover damages."

any action.

(g) Notwithstanding the provisions of this Code section or any other provisions of law which might be construed to the contrary, the plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for the injury or damages claimed.

7

*Zaldivar v. Prickett*, 297 Ga. 589, 595 (1) (774 SE2d 688) (2015).

The claims that are subject to summary judgment based on the Respondeat Superior Rule constitute claims that an employer-defendant breached a legal duty owed to the plaintiff that proximately caused the plaintiff's injury. In the case of negligent entrustment of a vehicle by an employer to an employee, liability is predicated "on a negligent act of the owner in lending his vehicle to another to drive, with actual knowledge that the driver is incompetent or habitually reckless." *CGL Facility Mgmt. v. Wiley*, 328 Ga. App. 727, 731 (2) (b) (760 SE2d 251) (2014) (citation and punctuation omitted). Similarly, claims for negligent hiring, training, supervision, and retention are based on the alleged negligent acts of the employer. See, e.g., *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 863 (1) (596 SE2d 604) (2004); *Leo v. Waffle House*, 298 Ga. App. 838, 841 (2) (681 SE2d 258) (2009).

Thus, the claims encompassed by the Respondeat Superior Rule are claims that the employer is at "fault" within the meaning of the apportionment statute. Adherence to the Respondeat Superior

8

Rule would preclude the jury from apportioning fault to the employer for negligent entrustment, hiring, training, supervision, and retention. Any allocation of relative fault among those persons at fault, which may include the plaintiff, could differ if one person's fault was excluded from consideration.[5] It follows that the Respondeat Superior Rule is inconsistent with the plain language of the apportionment statute. "[A]s long as legislation does not violate the Constitution, when the Legislature says something clearly — or even just implies it — statutes trump cases." *Couch v. Red Roof Inns*, 291 Ga. 359, 364 (729 SE2d 378) (2012). See also *Johns v. Suzuki Motor of America*, 310 Ga. 159, 166 (5) (850 SE2d 59) (2020) (holding that OCGA § 51-12-33 supplanted pre-2005 decisional law prohibiting comparative negligence in strict product liability claims).

Hulsey and TriEst contend that removing the Respondeat

---

[5] "[O]nce liability has been established, the calculation of total damages sustained by the plaintiff is the first step, and the allocation of relative fault and award of damages according to that allocation is a distinct second step." *Martin*, 301 Ga. at 338-339 (III).

9

Superior Rule would undermine Georgia's comparative negligence doctrine. They argue that where an employer admits agency and scope of employment, the plaintiff may recover all the damages to which she is entitled by showing that the employee was negligent and that the employee was more negligent than the plaintiff. See OCGA § 51-12-33 (g). They maintain that evidence necessary to show the employer's negligence, such as its knowledge of its employee's prior misconduct, is not relevant to whether its employee was negligent and that Quynn's claims against TriEst are no more than an attempt to increase the jury damage award through introduction of inflammatory evidence.

We are not persuaded by these arguments. Evidence tending to establish the employer's fault would be of consequence to the determination of the action as the jury is required to consider fault of "the persons who are liable"[6] and "all persons or entities who

---

[6] As we recently explained in *Atlanta Women's Specialists v. Trabue*, 310 Ga. 331, 339 (3) (850 SE2d 748) (2020):

The text of the apportionment statute distinguishes "liability" from "fault." See, e.g., OCGA § 51-12-33 (f) (2). . . . The text also

contributed to the alleged injury or damages[.]" OCGA § 51-12-33 (b), (c). The evidence of the employer's fault is neither irrelevant nor required to be excluded in all cases as unfairly prejudicial. See OCGA § 24-4-401 ("[T]he term 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); OCGA § 24-4-403 ("Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]"). See also *State v. Orr*, 305 Ga. 729, 738 (3) (827 SE2d 892) (2019) (holding that OCGA § 24-4-403 "provides no authority for an appellate court to direct the exclusion of entire categories of evidence," as such authority must come from "the specific and detailed exclusionary rules included in the new [Evidence] Code").

Hulsey and TriEst further contend that the apportionment

---

distinguishes between "named parties," OCGA § 51-12-33 (f) (1) — that is, "the plaintiff" or "a defending party," OCGA § 51-12-33 (a), (d), (g) — and "nonparties," OCGA § 51-12-33 (d), (f), and provides specific rules for how each is to be treated in the apportionment process.

11

statute does not apply because compensatory damages should not be apportioned between the employer and employee under claims derivative of the agency relationship. They ask this Court to accept the reasoning of the Court of Appeals in *Fender*, which held that the Respondeat Superior Rule was not superseded by the apportionment statute because claims subject thereto "are derivative of the underlying tortious conduct of the employee" and "merely duplicative of the respondeat superior claim." 342 Ga. App. at 23 (2) (citation and punctuation omitted).

Even accepting that claims for negligent entrustment, hiring, training, supervision, and retention, in those cases where the employer concedes that it will be vicariously liable under the doctrine of respondeat superior if its employee is found negligent, are derivative of the employee's tortious conduct to some extent, that would not relieve the jury from apportioning fault under the plain language of the apportionment statute.

> When fault is divisible and the other requirements of OCGA § 51-12-33 (b) are met, then the trier of fact "shall" apportion. If fault is indivisible, then the trier of fact

12

> cannot carry out the statute's directive of awarding damages "according to the percentage of fault of each person" and the apportionment statute does not govern how damages are awarded.

*Fed. Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 572 (2) (826 SE2d 116) (2019) (citation omitted).

Applying that test, claims that an employer was negligent are divisible from claims that its employee was negligent, and so are capable of being assigned percentages of fault. For example, in this case, while Quynn's claims against TriEst may have required Hulsey to have been negligent, and so are derivative of its employee's negligence to that extent, a jury would still be able to assign fault to TriEst on account of TriEst's own alleged negligence. As we explained in *Zaldivar*, "[p]roof of the essential elements of negligent entrustment — including actual knowledge of the incompetence or recklessness of the person to whom the instrumentality in question is entrusted — necessarily proves that the negligence of the person entrusted was foreseeable to the one who entrusted that person," such that "the negligence of the person entrusted could not be an intervening act that would break the

13

causal connection between the negligent entrustment and the injury sustained." 297 Ga. at 602 (2). The evidence required to prove the employer was negligent would not be the same as the evidence required to prove that the employee was negligent, and so the claims are not duplicative to that extent. As for damages, we may assume that an *employer* would be liable for the negligence of its employee acting within the course of his employment as well as its own negligence. But the *employee* would not necessarily be responsible for the satisfaction of damages apportioned by the jury to his employer based on the employer's negligence. See OCGA § 51-12-33 (b) ("Damages apportioned by the trier of fact . . . shall not be a joint liability among the persons liable[.]").

Hulsey and TriEst argue that there is nevertheless no rational basis for apportioning fault between a negligent employer and a negligent employee when the Respondeat Superior Rule applies because the plaintiff's injury is the product of the alleged tortfeasors "working toward a common goal — the employer's business." It is true that "the fault resulting from concerted action (in its

traditional, common-law form) is not divisible as a matter of law and, therefore, cannot be apportioned." *Loudermilk*, 305 Ga. at 574 (2). However, concerted action is "a legal theory of mutual agency in tort." Id. at 572 (2). It is well established that an employee acting within the scope of the employer's business is an agent of the employer, but not that the employer must be an agent of such an employee. The acts of an employer in negligently entrusting, hiring, training, supervising, and retaining an employee are the independent acts of the employer separable from the actions of the employee, not necessarily a concerted act between an employer and its employee.

This Court also suggested in *Loudermilk* that legal theories other than concerted action may "preclude division of fault as a matter of law — perhaps, for instance, vicarious liability or other agency-based or derivative theories of liability." 305 Ga. at 575 (2) n.20. However, Hulsey and TriEst do not show that vicarious liability precludes apportionment of fault to the employer where the Respondeat Superior Rule would apply. Application of the

15

Respondeat Superior Rule arises when the employer's own negligence is alleged to be a proximate cause of the plaintiff's injuries.[7] Thus, apportionment of fault to the employer on account of its own negligence is not an apportionment of vicarious liability.[8]

Lastly, we consider Hulsey and TriEst's argument that by

---

[7] Far from supporting the dissent, *Loudermilk* previewed why the Respondeat Superior Rule is no longer valid. As *Loudermilk* explained, before the enactment of OCGA § 51-12-33, if separate acts of negligence by several persons combined naturally and directly to produce a single indivisible injury, then the actors were deemed to have joint and several liability. See *Loudermilk*, 305 Ga. at 570 (2). Under that prior law, if the negligence of an employee acting within the scope of his employment injured a plaintiff, then even if the employer had engaged in separate negligent acts with regard to the entrustment, hiring, training, supervision, or retention of the employee that also led to the plaintiff's injury, then respondeat superior claims and negligence claims against the employer would generally be wholly duplicative in their import, because the plaintiff could recover no more than the full damages for her single injury and the employee and employer would be jointly and severally liable for the full amount of those damages. But the language of OCGA § 51-12-33 shifted the paradigm from damages analysis based on injury to damages analysis based on fault, requiring damages to be apportioned in cases where separate negligent acts by separate persons combined to cause a single injury. See *Loudermilk*, 305 Ga. at 571-572 (2). See also *Couch*, 291 Ga. at 366 (rejecting the plaintiff's argument that her "single, indivisible" injury caused by separate intentional and negligent tortfeasors could not be apportioned, holding that "[w]hile the injury may be singular, the damages flowing from that injury may be apportioned among the tortfeasors responsible for causing it").

[8] It also follows that we need not reach the issue of whether a party's vicarious liability is subject to a division of fault. See *Loudermilk*, 305 Ga. at 575 (2) n.20 (leaving issue open). But see *PN Express v. Zegel*, 304 Ga. App. 672, 680 (697 SE2d 226) (2010) (apportionment does not apply when a defendant's liability is solely vicarious).

16

enacting the apportionment statute, the General Assembly did not intend to abrogate the Respondeat Superior Rule. They point to OCGA § 51-12-33 (e), which provides: "Nothing in this Code section shall eliminate or diminish any defenses or immunities which currently exist, except as expressly stated in this Code section." The Respondeat Superior Rule was not abrogated by the apportionment statute, they contend, because the Respondeat Superior Rule was well established as the "common law" of this State when the current version of the apportionment statute was enacted in 2005, and because the apportionment statute does not expressly eliminate or diminish the rule.

The Respondeat Superior Rule cannot be fairly understood as a defense or immunity as it did not allow an employer-defendant to avoid liability for any portion of the plaintiff's damages. We are also doubtful that a series of decisions of our Court of Appeals commencing in the 1960s rises to the level of the common law of this State for the purposes of assessing whether a statute has been enacted in derogation of the common law. Assuming dubiously that

17

the Respondeat Superior Rule constituted the "common law" of this State when the apportionment statute was enacted, "statutes in derogation of the common law . . . must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute." *Couch*, 291 Ga. at 364-365 (citation and punctuation omitted). Even construing the statute strictly, however, a plaintiff's claims for an employer's negligent entrustment, hiring, training, supervision, and retention are allegations of fault within the meaning of the apportionment statute, and OCGA § 51-12-33 mandates that the jury be allowed to consider the fault of all persons who contributed to the alleged injury or damages.[9] Adherence to the plain and explicit terms of OCGA §

---

[9] Thus, we are unpersuaded by the dissent's argument that the apportionment statute may be construed consistently with the Respondeat Superior Rule. Further, the dissent's suggestion that the apportionment statute can only be applied at trial is overbroad in that legal issues regarding the application of OCGA § 51-12-33 may be decided on summary judgment. See, e.g., *Zaldivar*, 297 Ga. at 590. Nor are we persuaded by the decisions of the courts of other states relied upon by the dissent. Those decisions do not involve express interpretation of statutory language and largely reflect adherence to a "majority" rule based on decisional law.

18

51-12-33 requires the elimination of the Respondeat Superior Rule.

For the foregoing reasons, we conclude that the Respondeat Superior Rule has been abrogated by OCGA § 51-12-33,[10] and that the Court of Appeals erred in holding otherwise.

*Judgment reversed. All the Justices concur, except Bethel, J., who concurs in judgment only, and McMillian, J., who dissents. Warren, J., not participating.*

MCMILLIAN, Justice, dissenting.

Because I do not believe that OCGA § 51-12-33, which apportions fault at the verdict stage of a trial, has abrogated the Respondeat Superior Rule, which often serves to dismiss duplicative claims at the summary judgment stage, as was the case here, I must respectfully dissent.

We have consistently announced that "all statutes are presumed to be enacted by the legislature with full knowledge of the

---

[10] The decisions of the Court of Appeals that hold to the contrary are overruled. See *Terry v. Old Hat Chimney, LLC*, 351 Ga. App. 673 (832 SE2d 650) (2019); *City of Kingsland v. Grantham*, 342 Ga. App. 696, 700 (805 SE2d 116) (2017); *Fender*, 342 Ga. App. at 21 (2).

19

existing condition of the law and with reference to it . . . [and] are therefore to be construed in connection and in harmony with the existing law." *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 852 (2) (a) (797 SE2d 814) (2017) (citations and punctuation omitted). See also *Plummer v. Plummer*, 305 Ga. 23, 27-28 (2) (a) (823 SE2d 258) (2019) (concluding nothing in newly enacted statute inconsistent with general jurisdictional background rule); *In the Interest of M. D. H.*, 300 Ga. 46, 53 (4) (793 SE2d 49) (2016) ("[W]e presume that the General Assembly enacted the statute with reference to our decision in [*In the Interest of R. D. F.*, 266 Ga. 294 (466 SE2d 572) (1996)]); *Roberts v. Cooper*, 286 Ga. 657, 660 (691 SE2d 875) (2010) ("Certainly our legislature is presumed to enact statutes with full knowledge of existing law, including court decisions." (citation and punctuation omitted)); *Botts v. Southeastern Pipe-Line Co.*, 190 Ga. 689, 700-01 (10 SE2d 375) (1940) ("All statutes are . . . to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to

be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts." (citation and punctuation omitted)).

Georgia's Respondeat Superior Rule has long provided that where a defendant employer concedes that it will be vicariously liable for claims on which its employee is found negligent, the employer is entitled to summary judgment on any duplicative claims, including negligent hiring, training, supervision, entrustment, and retention ("negligent hiring claims"), unless the plaintiff also asserts a valid claim for punitive damages against the employer for the employer's own independent negligence. See *Terry v. Old Hat Chimney, LLC*, 351 Ga. App. 673, 674 (832 SE2d 650) (2019) (where employer admitted applicability of respondeat superior doctrine and punitive damages were not at issue, plaintiff's claims against employer for negligent hiring, training, and supervision were duplicative of respondeat superior claim and could not proceed to trial); *Hosp. Auth. of Valdosta/Lowndes County v. Fender*, 342 Ga. App. 13, 23 (2) (802 SE2d 346) (2017) ("Like claims

21

based on respondeat superior, claims against a defendant employer for the negligent hiring, training, supervision, and retention of an employee are derivative of the underlying tortious conduct of the employee.").

The plain language of OCGA § 51-12-33 does not expressly or by necessary implication contravene this rule. The Respondeat Superior Rule, which has been adopted by the majority of jurisdictions to directly address this issue,[11] acts as an exception to the general rule that a party may assert alternative or duplicative claims, allowing a defendant employer under certain circumstances to obtain dismissal of duplicative negligent hiring claims. See OCGA § 9-11-8 (e) (2) ("A party may . . . state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or on equitable grounds or on both[.]"). When the duplicative claims are dismissed before trial, as they were in this case, the

---

[11] See generally Richard A. Mincer, *The Viability of Direct Negligence Claims Against Motor Carriers in the Face of an Admission of Respondeat Superior*, 10 Wyo. L. Rev. 229 (2010) (providing overview of those states which have specifically addressed whether direct negligence claims should be dismissed where the employer has admitted vicarious liability).

negligent hiring claims are never presented to the trier of fact.

On the other hand, OCGA § 51-12-33 provides in pertinent part:

> (a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the *trier of fact*, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

> (b) Where an action is brought against more than one person for injury to person or property, the *trier of fact*, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the *trier of fact* as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

> (c) In assessing percentages of fault, the *trier of fact* shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

(emphasis added). A fair and reasonable reading of the text of OCGA

23

§ 51-12-33 shows that apportionment only comes into play at trial, where the trier of fact must determine the percentage of fault of the named parties and properly designated non-parties for the damages awarded for the claims presented at trial. Therefore, I fail to see how the apportionment statute necessarily abrogates the Respondeat Superior Rule when it is applied to dismiss claims before trial. I also note that this construction of the apportionment statute is consistent with OCGA § 51-12-33 (e), which makes clear that "[n]othing in this Code section shall eliminate or diminish any defenses or immunities which currently exist, except as expressly stated in this Code section."

Moreover, even if it could be said that OCGA § 51-12-33 reaches the pretrial application of the Respondeat Superior Rule, the reasoning in *Fed. Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 560 (826 SE2d 116) (2019), supports that the Respondeat Superior Rule can be applied consistently with the apportionment statute. In that case, we explained that "where the fault of one person is legally imputed to another person who is part of the same joint enterprise,"

24

there is no "legal means of dividing fault among the persons who are liable." *Loudermilk*, 305 Ga. at 573 (2) (citation and punctuation omitted). And "[i]f fault is indivisible, then the trier of fact cannot carry out the statute's directive of awarding damages according to the percentage of fault of each person and the apportionment statute does not govern how damages are awarded." Id. at 572 (2) (citation and punctuation omitted). In fact, this Court specifically noted in *Loudermilk* that other legal theories, such as vicarious liability or other agency-based or derivative theories of liability, may preclude division of fault as a matter of law such that the apportionment statute does not apply. Id. at 575 (2) n.20.

Here, both TriEst and Hulsey were listed on the verdict form for the trier of fact to apportion fault, albeit on the same line. This was appropriate because TriEst had admitted respondeat superior liability, and under OCGA § 51-12-33 (c), the trier of fact must consider the "fault" of all parties and properly designated non-parties who contributed to the injury. See *Zaldivar v. Prickett*, 297 Ga. 589, 593 (1) (774 SE2d 688) (2015). But due to TriEst's

admission of respondeat superior liability, its contribution to the decedent's injury could be no more and no less than that of its employee even if the negligent hiring claims had been presented to the jury. Thus, there is not a "legal means of dividing fault 'among the persons who are liable.'" *Loudermilk*, 305 Ga. at 573 (2).

And although not dispositive, I am further persuaded by the majority of courts that have considered the issue and concluded that the Respondeat Superior Rule can be applied consistently with principles of comparative negligence and comparative fault statutes. In particular, in Colorado, a jurisdiction that we have repeatedly described as having a similar apportionment scheme[12] and twice said "refers to 'fault' in much the same way as our own statute,"[13]

---

[12] See *Atlanta Women's Specialists, LLC v. Trabue*, 310 Ga. 331, 341 (3) (850 SE2d 748) ((2020) (referring to Colorado's apportionment statute as "similar to ours"); *Wilkes & McHugh, P.A. v. LTC Consulting, L.P.*, 306 Ga. 252, 258 (2) (830 SE2d 119) (2019) (listing jurisdictions with similar apportionment statutes "in interpreting Georgia's apportionment statute, including California, Colorado, Florida, Kansas, Michigan, New Hampshire, and Wyoming"); *Martin v. Six Flags Over Georgia II, L.P.*, 301 Ga. 323, 340 (III) n.11 (801 SE2d 24) (2017) (referring to California, Colorado, and Florida as jurisdictions with "similar apportionment schemes").

[13] See *Zaldivar*, 297 Ga. at 598-99 (1); *Couch v. Red Roof Inns, Inc.*, 291 Ga. 359, 362 (1) n.6 (729 SE2d 378) (2012).

the Colorado Supreme Court held that the Respondeat Superior Rule is compatible with Colorado's apportionment statute because it prevents the fault of one party from being assessed twice, thereby avoiding a plainly illogical result. See *Ferrer v. Okbamicael*, 390 P3d 836, 845-47 (III) (A) (2) (Colo. 2017). Courts in California and Wyoming, which we have also described as having similar appointment statutes,[14] have likewise held that the Respondeat Superior Rule can be applied compatibly with their respective apportionment statutes. See *Diaz v. Carcamo*, 253 P3d 535, 544 (V) (Cal. 2011) (where employer admits vicarious liability for its employee's negligent driving, plaintiff cannot pursue a negligent entrustment claim under the state's system of allocating comparative fault); *Bogdanski v. Budzik*, 408 P3d 1156, 1163 (A) (Wyo. 2018) ("Under either theory, the liability of the principal is dependent on the negligence of the agent. If it is not disputed that the employee's negligence is to be imputed to the employer, there is

---

[14] See *Wilkes & McHugh*, 306 Ga. at 258 (2) (citing *Zaldivar*, 297 Ga. at 598-600 (1)).

no need to prove that the employer is liable. Once the principal has admitted its liability under a respondeat superior theory . . . the cause of action for negligent entrustment is duplicative and unnecessary. To allow both causes of action to stand would allow a jury to assess or apportion a principal's liability twice." (citation omitted)).

And a number of other jurisdictions have held that the Respondeat Superior Rule is consistent with comparative negligence principles and their comparative fault regimes. See, e.g., *Gant v. L.U. Transport, Inc.*, 770 NE2d 1155, 1159-60 (Ill. App. 2002) ("Notwithstanding the fact that Illinois is a comparative negligence jurisdiction, a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or negligent entrustment against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory."); *Landry v. Nat. Union Fire Ins. Co.*, 289 S3d 177, 186 (La. App. 2019) (because employer stipulated its employee was acting in the course and scope of his employment and

it was therefore liable if its employee is liable, employer's partial motion for summary judgment on negligent hiring claim was properly granted); *McHaffie v. Bunch*, 891 SW2d 822, 826 (II) (A) (Mo. 1995) ("The majority view is that once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability. . . . This is true regardless of the 'percentage of fault' as between the party whose negligence directly caused the injury and the one whose liability for negligence is derivative."); *Ryans v. Koch Foods, LLC*, 2015 U.S. Dist. LEXIS 193054, at *25 (E.D. Tenn. 2015) (Tennessee's recognition that the doctrine of respondeat superior requires exceptions to the general rule of allocation of fault under the comparative fault system weighs in favor of the majority rule, and the employer, who admitted respondeat superior liability, is therefore entitled to summary judgment on plaintiff's negligent hiring claim); *Loom Craft Carpet Mills, Inc. v. Gorrell*, 823 SW2d 431, 432 (Tex. App. 1992) ("We believe the better rule is to apportion fault only among those

directly involved in the accident, and to hold the entrustor liable for the percentage of fault apportioned to the driver.").

In sum, where, as here, both the employer and the employee are joined in a lawsuit as defendants with no viable claim for punitive damages based on the employer's own independent act of negligence, the defendants' liability is coextensive as a matter of law, and where the negligent hiring claims are dismissed prior to trial, the apportionment statute does not clearly abrogate the Respondeat Superior Rule by implication. I would therefore affirm the judgment of the Court of Appeals, albeit for somewhat different reasons.

Decided November 2, 2020 —Reconsideration denied November 17, 2020.
Certiorari to the Court of Appeals of Georgia — 350 Ga. App. XXVI.
*Katherine L. McArthur, Caleb F. Walker*, for appellant.
*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Jacquelyn D. Smith, Christopher J. Perniciaro*, for appellees.