**THIRD DIVISION
DOYLE, P. J.,
MARKLE and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 25, 2026**

# In the Court of Appeals of Georgia

A25A1514. BRYANT v. DOLLOFF et al.

A25A1515. BRYANT v. DOLLOFF et al.

MARKLE, Judge.

After John Randall Bryant was injured in an auto accident in 2019, he and his wife, Belinda Bryant (collectively "the plaintiffs"), filed separate suits against the other driver, Melvin Dolloff. The cases were consolidated for trial, and the jury awarded the plaintiffs $311,000, which the trial court later reduced based on amounts the plaintiffs had already received from insurance. The plaintiffs now appeal, arguing that (1) the trial court abused its discretion by denying their motions to amend the consolidated pre-trial order; (2) the trial court erred by granting motions in limine to exclude additional witness testimony, and evidence of alcohol use and willful and

wanton conduct; (3) the trial court erred by refusing to give their requested jury charges; and (4) the trial court erred by amending the judgment to allow a deduction in the award. After a thorough review of the record, and for the reasons given below, we affirm.

> Following a jury's verdict and a trial court's subsequent entry of a judgment, this Court must affirm the judgment if there is any evidence to support the verdict, because the jurors are the exclusive judges of the weight and credibility of the evidence. We must construe the evidence with every inference and presumption in favor of upholding the verdict.

*Dunwoody Obstetrics & Gynecology v. Franklin*, 363 Ga. App. 90, 91 (870 SE2d 592) (2022) (quotation marks omitted).

So viewed, the evidence shows that John was injured in a head-on collision for which Dolloff was at fault. The accident shattered John's left ankle and damaged his knee. He required surgery and physical therapy, but later started to develop osteoarthritis in the left knee, and he never fully returned to pre-accident status. John was self-employed and, as a result of the accident, he lost income and had to hire someone to assist him.

John then filed suit against Dolloff and served his uninsured/underinsured motorist insurance carrier, State Farm, alleging negligence and seeking punitive damages. Dolloff was insured with Progressive. John settled his claims against Progressive and executed a limited release, which included his punitive damages claim. Two years later, in a separate suit, Belinda sought loss of consortium and punitive damages. John and Belinda moved to consolidate their cases for trial.

State Farm moved for partial summary judgment as to punitive damages, and the parties entered into a consent order agreeing that there would be no recovery against State Farm for punitive damages. This consent order specifically states, "[t]he parties agree that there shall be no recovery *by Plaintiffs* of UM/UIM benefits/payments from State Farm's available coverage *as to Plaintiffs' claims* against Defendant for (1) punitive damages and (2) attorney's fees and expenses of litigation[.]" (Emphasis added.)

On September 7, 2023, after the parties completed discovery, the trial court entered a consolidated pre-trial order ("PTO"), identifying the negligence claims for trial. The PTO listed a claim for actual damages, but not punitive damages. In the PTO, the plaintiffs requested a verdict form that specified only whether the jury found

in favor of the defendant or the plaintiffs. It further noted that State Farm had already paid $345,000 in uninsured motorist coverage, and that John received $25,000 from Progressive, and the plaintiffs requested "the amounts paid [by State Farm] be deducted from any verdict" in their favor.

Three weeks before trial, the plaintiffs moved to amend the PTO, asserting that they needed to clarify the admission of certain evidence and witnesses. Specifically, the plaintiffs sought to add claims of willful and wanton conduct based on allegations that Dolloff was driving under the influence; present evidence as to the curb weight of the two vehicles involved in the accident; and to submit evidence of Dolloff's toxicology reports to show he was under the influence of alcohol at the time of the accident. They again did not list punitive damages in their request to amend the PTO, but they did propose a verdict form that set out damages to John and Belinda individually, and they removed any reference to the deduction for amounts previously paid. Following a hearing, which was not transcribed, the trial court rejected the plaintiffs' arguments and denied the motion. Thereafter, the trial court agreed to stay the case and re-open discovery for the sole purpose of investigating John's lost wages claim.

State Farm also filed a motion in limine to exclude any reports of Dolloff's alcohol use. State Farm noted that the issue of punitive damages was not for consideration, as Dolloff had admitted fault and such damages were not listed in the PTO.[1] As such, State Farm asserted that evidence of alcohol use would be unfairly

---

[1] The purpose of punitive damages is to punish the defendant, not compensate for the injury. See OCGA § 51-12-5.1(c). Thus,

> [p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

> Negligence, even if gross, will not alone authorize the recovery of punitive damages; there must be circumstances of aggravation and outrage.

*Mastec N. Am., Inc. v. Wilson*, 325 Ga. App. 863, 866 (755 SE2d 257) (2014), called into question on other grounds by *Quynn v. Hulset*, 310 Ga. 473 (850 SE2d 725) (2020). See also OCGA § 51–12–5.1(b). It is well-settled that an insurance company is not liable to its insureds for punitive damages under its uninsured motorist coverage. *State Farm Mut. Ins. Co. v. Weathers*, 260 Ga. 123 (392 SE2d 1) (1990).

prejudicial under OCGA § 24-4-403. Following a hearing, the trial court granted the motion.[2]

In February 2024, the plaintiffs filed a second motion to amend the PTO. This time, they asserted that the PTO should be amended to include testimony of the curb weight of the vehicles and financial testimony from the employee John hired to handle tasks he was unable to perform during his recovery; and to reflect Belinda's claim for punitive damages against Dolloff, including evidence that Dolloff was driving under the influence. They further suggested that the trial court could bifurcate the trial and address Belinda's punitive damages claim separately.

During a hearing on the motion, the plaintiffs asserted that only John had waived his claim for punitive damages; Belinda had not. They also explained that the curb weight evidence was necessary to show the force of the impact. The trial court denied the motion, noting that punitive damages had not been identified in the initial PTO. The trial court noted that the original PTO had been negotiated by the parties, and the plaintiffs had not shown why the revisions could not have been presented earlier.

---

[2] The record on appeal does not contain any transcript from the hearing.

At the subsequent trial,[3] the court excluded any evidence of alcohol use, and it declined to give the plaintiffs' requested jury instructions regarding willful and wanton conduct. The jury heard medical evidence regarding John's injuries and the likelihood that he would continue to suffer the effects of those injuries; and it heard from Belinda concerning how the accident had affected her. The jury found in the plaintiffs' favor and awarded them a lump sum of $311,000.[4]

The plaintiffs moved to amend the judgment, asserting that the joint award was void, and they moved for a new trial. State Farm moved to deduct from the judgment the amount it had already tendered to John. The trial court denied the motions for new trial and to amend judgment, and it granted the motion to apply the deduction. The plaintiffs now appeal.

1. In these appeals, both John and Belinda raise the same enumerations of error. We thus address both appeals together.

---

[3] By that point, State Farm had elected to defend in Dolloff's name. OCGA § 33-7-11(d).

[4] The plaintiffs renewed their objection to the verdict form, but the trial court declined to alter it because it was the form plaintiffs had agreed to in the PTO.

The plaintiffs first argue that the trial court abused its discretion by denying their motions to amend the PTO because delay alone is insufficient to support a denial; Belinda had claimed punitive damages in her complaint, meaning there was no prejudice to the defendants to amend the PTO to include punitive damages; and justice required allowing them to amend the PTO. They further argue that the trial court abused its discretion when it denied their second motion to amend the PTO because the evidence was relevant to rebut testimony of lost wages and to explain the relevance of curb weight to the jury. We conclude there was no abuse of discretion in the denial of either motion.

Under the Civil Practice Act, the pretrial order "controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." *Ga. Dep't of Human Res. v. Phillips*, 268 Ga. 316, 318(1) (486 SE2d 851) (1997). The purpose of the PTO is to "limit the claims, contentions, defenses, and evidence" to be presented at trial. Id.

> Once a pretrial order is entered, a party may not amend without leave of court or consent of the opposite party. In passing upon the issue of whether to allow an amendment, the trial court considers if permitting such amendment would prevent manifest injustice and in doing so it is clothed with a broad discretion with which the appellate courts are loath

8

to interfere ... In the absence of a viable claim of surprise or unfairness, a trial court's refusal to amend a pretrial order is not an abuse of discretion. The Georgia Supreme Court has emphasized the vital role of the pretrial order in ensuring an efficient and expeditious trial, as well as the duty imposed on each party to assist the trial court in preparing a pretrial order that accurately identifies the real issues in the case ... [I]f pretrial orders are to continue to serve their laudable purposes, courts and litigants must take them seriously. A final pretrial order should say what it means, and mean what it says.

*Whorton v. Boatwright*, 233 Ga. App. 369, 371 (504 SE2d 216) (1998) (citation modified). See also *Dep't of Transp. v. Baxley*, 194 Ga. App. 29, 29-30(1) (389 SE2d 519) (1989); OCGA § 9-11-16(b). "If a claim or issue is omitted from the order, it is waived." *Buckelew v. Womack*, 374 Ga. App. 711, 716(2) (913 SE2d 789) (2025).

In evaluating a motion to amend a PTO, "the trial court must balance possible unfair prejudice to the nonmoving party with the movant's reasons for delay." *Bolden v. Ruppenthal*, 286 Ga. App. 800, 803(2) (650 SE2d 331) (2007) (quotation marks omitted).

We have held that a trial court abuses its discretion when it denies leave to amend a PTO based solely on the trial calendar. See *Total Car Franchising Corp. v.*

*Squire*, 259 Ga. App. 114, 116(1) (576 SE2d 90) (2003).[5] But there is no abuse of discretion where a party seeks to add issues that are irrelevant to the pending claims or doing so would prejudice the opposing party. See *Whorton*, 233 Ga. App. at 371 (no abuse of discretion where party seeking leave to amend the PTO had already been denied the evidence in a motion in limine). With these standards in mind, we consider each motion to amend the PTO.

(a) *First motion to amend.*

In the first motion to amend the PTO, the plaintiffs sought to add claims of willful and wanton conduct related to Dolloff's alleged driving while intoxicated; to introduce evidence of the vehicles' curb weigh and Dolloff's toxicology reports; and to amend the verdict form.

Importantly, evidence related to willful and wanton conduct, such as the toxicology reports, was not relevant to the issues at trial because the trial court had previously entered a consent order granting summary judgment to State Farm on the issue of punitive damages. See *Mastec N. Am., Inc. v. Wilson*, 325 Ga. App. 863, 866

---

[5] The plaintiffs rely heavily on *Total Car*, but we find that case distinguishable as the record reflects that the trial court here did not base its decision solely on the trial calendar.

(755 SE2d 257) (2014) (punitive damages are available where there is clear and convincing evidence of willful and wanton conduct), called into question on other grounds by *Quynn v. Hulsey*, 310 Ga. 473 (850 SE2d 725) (2020); OCGA § 51–12–5.1(b). In that order, the plaintiffs expressly agreed that there would be no recovery from State Farm as to their claims for punitive damages. Allowing the plaintiffs to change their theory of the case from negligence to wanton and willful conduct, and to pursue a claim that they failed to assert in the initial order, would have resulted in prejudice to Dolloff and State Farm. *Whorton*, 233 Ga. App. at 371. Moreover, the plaintiffs have not shown that the failure to include these claims in the original PTO was the result of surprise or unfairness; rather, it was an error of their own making. *Phillips*, 268 Ga. at 318(1) (noting that the PTO "is an indispensable tool for the efficient disposition of civil litigation matters. ... The Code imposes a duty on each party to assist the trial court in formulating the pretrial order by defining the issues for trial, and deciding such other matters as may aid in the disposition of the action.") (citation modified); *Buckelew*, 374 Ga. App. at 716(2) (claims not raised in the PTO are waived); *Bolden*, 286 Ga. App. at 803(2) (court must balance "possible unfair prejudice to the nonmoving party with the movant's reasons for delay.");

11

*Whorton*, 233 Ga. App. at 371. Cf. *Redfearn v. Huntcliff Homes Ass'n.*, 260 Ga. App. 150, 154-55(1)(a) (579 SE2d 37) (2003) (no abuse of discretion where trial court modified the PTO to conform to stipulation by the parties).

Nor did the trial court abuse its discretion in denying the motion to amend to correct the verdict form because there is nothing improper in the original verdict form. See *Bristol Consulting Group v. D2 Property Group*, 366 Ga. App. 843, 852-54(3) (884 SE2d 546) (2023) (no error in verdict form that awarded lump sum to plaintiffs on their claims). As a result, the trial court did not abuse its discretion by denying the motion to amend.[6] *Whorton*, 233 Ga. App. at 371. Cf. *Redfearn*, 260 Ga. App. at 154-55(1)(a).

(b) *Second motion to amend.*

---

[6] We note that there is no transcript of the hearing in which the court considered the issue, and we assume the trial court followed the law. *Holmes v. Roberson-Holmes*, 287 Ga. 358, 361(1) (695 SE2d 586) (2010) ("There is a presumption of regularity that attaches to all official acts, which includes judicial proceedings," and courts apply that presumption where there is no transcript of the hearing under review). Moreover, at a subsequent hearing, the defendants reminded the trial court that the plaintiffs sought to amend the complaint to raise issues that had already been negotiated between the parties, and the new witnesses named in the proposed amended PTO were cumulative of other named witnesses.

As to the second motion to amend, the plaintiffs again attempted to introduce evidence of the curb weight of the vehicles, along with testimony from the employee whom John had hired to assist while he recovered. They also argued that Belinda's claim for punitive damages against Dolloff was not subject to the agreement concerning punitive damages sought against State Farm. But, the plaintiffs have not shown why they were unable to raise these claims at the time of the original PTO or even in the first motion to amend the PTO. *Whorton*, 233 Ga. App. at 371. Rather, plaintiffs' counsel admitted at the hearing that there was no reason the information he sought to include in the second motion could not have been raised earlier. *Driggers v. Campbell*, 247 Ga. App. 300, 301(1) (543 SE2d 787) (2000) ("The burden is on the party seeking amendment to show lack of laches or lack of inexcusable delay.") (quotation marks omitted).

Moreover, the jury was able to view photographs of the cars involved and could see for itself the difference in size. Curb weight testimony was unnecessary. *Whorton*, 233 Ga. App. at 371. The plaintiffs were also able to present evidence of the assistant John hired, and the testimony confirmed that he was hired to handle the tasks John was unable to do post-accident. The employee's testimony would have been

cumulative and, therefore, there was no abuse of discretion in denying a motion to amend the PTO to include this evidence. *Nease v. Buelvas*, 198 Ga. App. 302 (401 SE2d 320) (1991) (no abuse of discretion given the "chronology of this case and the redundant nature of the testimony").

2. The plaintiffs next argue that the trial court erred by granting the motions to exclude evidence of Dolloff's alcohol use at the time of the accident and of his habitual driving while intoxicated because this evidence was relevant to proximate cause, punitive damages, and impeachment. We disagree.

"We review a trial court's ruling on a motion in limine for abuse of discretion. A motion in limine is properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." *Hankla v. Jackson*, 305 Ga. App. 391(1) (699 SE2d 610) (2010) (citation modified). See also *Barefoot v. Denson*, 364 Ga. App. 64, 67(4) (873 SE2d 733) (2022). Evidence is admissible if it is relevant, OCGA § 24-4-402, but it may be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403.

The trial court did not abuse its discretion by excluding the evidence of alcohol use.[7] As discussed in Division 1, willful and wanton conduct and punitive damages were not before the jury, so any evidence regarding such conduct or relating to punitive damages was not relevant.

Pretermitting whether the plaintiffs preserved their argument that the evidence was relevant for proximate cause, we cannot say the trial court abused its discretion by excluding evidence of Dolloff's alcohol use. Even if the evidence were relevant to the issue of proximate cause, because Dolloff admitted fault but did not admit liability, its admission is still subject to the balancing test in OCGA § 24-4-403. See *Schwartz v. Brancheau*, 306 Ga. App. 463, 465-66(1), 467(2) (702 SE2d 737) (2010). In the absence of a transcript, we presume the trial court properly applied the case law and the balancing test to determine unfair prejudice. *Holmes v. Roberson-Holmes*, 287 Ga. 358, 361 (695 SE2d 586) (2010) (in the absence of a transcript, we presume the trial court followed the law).

---

[7] It does not appear that Dolloff's deposition was used at trial, and he did not testify or call any witnesses. Thus, there were no prior statements subject to impeachment. See, e.g., *McCullough v. State*, 330 Ga. App. 716, 726(3) (769 SE2d 138) (2015) (noting, in regard to jury instructions, that impeachment only applies to witnesses who testify at trial, and no impeachment instruction is warranted where the defendant did not testify or call any defense witnesses).

The balancing test under OCGA § 24-4-403 is a

> quintessentially fact-sensitive enterprise, and the trial judge is in the best position to make such factbound assessments. ... Only rarely—and in extraordinarily compelling circumstances—will we, from the vista of a cold appellate record, reverse a [trial] court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect.

*Rivers v. K-Mart Corp.*, 329 Ga. App. 495, 497(1) (765 SE2d 671) (2014) (citation modified).

Given that the issue of Dolloff's negligence was not before the jury, and the jury could see evidence regarding the damage to the vehicles and the extent of John's injuries, evidence of Dolloff's alleged alcohol use added little probative value to the issue of proximate cause, and that value was outweighed by the prejudicial nature of the evidence. OCGA § 24-4-403; *Rivers*, 329 Ga. App. at 497(1). Accordingly, the trial court did not abuse its discretion in granting the motion in limine.

3. The plaintiffs next argue that the trial court erred by denying their requested jury instructions on proximate cause and willful and wanton conduct.[8] We discern no error.

"In reviewing a trial court's refusal to give a requested jury instruction, we must look to the jury charge as a whole, and if the jury charge as a whole accurately and fully apprised the jury of the law to be applied in its deliberations, then the refusal to give an additional instruction, even if that additional instruction were accurate, does not amount to error." *Burdette v. McDowell*, 321 Ga. App. 507, 509(2) (739 SE2d 28) (2013).

Here, the trial court instructed the jury as follows:

> Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event. When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.

---

[8] They also argue that the trial court erred by refusing to give a requested instruction defining ordinary or simple negligence. The record reflects that the trial court gave that instruction.

17

It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

This instruction mirrors portions of the pattern jury instructions for proximate causation and was the exact language the plaintiffs requested the trial court give in its instructions. See Suggested Pattern Jury Instructions (Civil) § 60.200 (2024). Nevertheless, the plaintiffs also requested that the trial court further instruct the jury that proximate cause

is that cause which immediately precedes and directly produces the injury and without this cause the injury would not have happened. The proximate cause of an event is a cause without which the event would not have occurred. There may be more than one act which constitutes proximate cause.

The plaintiffs' counsel admitted that the requested charge did not add anything to the charge the trial court intended to give. The requested instruction on proximate cause was covered by the instructions given, and the trial court did not abuse its discretion by omitting this additional language as cumulative. *Burdette*, 321 Ga. App. at 509(2). See also *Wilson v. State*, 315 Ga. 728, 736(5) (883 SE2d 802) (2023) ("Because the trial court fully and correctly instructed the jury on the relevant points of law, it was

18

not error to fail to give the additional explanatory instruction that Wilson requested."); *Stafford v. State*, 312 Ga. 811, 821(4) (865 SE2d 116) (2021) (requested instruction not warranted where trial court gave pattern instruction that, when considered as a whole, encompassed instruction party requested).

The remaining requested instructions were relevant only to the issues of willful and wanton conduct and punitive damages, which, as discussed in Division 1, were not properly before the jury. Accordingly, we find no error in the jury instructions.

4. Finally, the plaintiffs argue that the trial court erred by using an improper verdict form and deducting the amount insurance paid from the judgment.[9]

As noted in Division 1, the verdict form was proper. Moreover, the plaintiffs cannot complain because the form the court submitted to the jury was the same one they requested in the PTO. *Floyd v. Thurman*, 242 Ga. 428(2) (249 SE2d 230) (1978).

---

[9] State Farm filed a motion to deduct the amount the plaintiffs had already received, and, although the plaintiffs were served with that motion, it does not appear that they responded to it. Contrary to the plaintiffs' argument on appeal, no hearing was required. See Uniform Superior Court Rule 6.3 ("Unless otherwise ordered by the court, all motions in civil actions ... shall be decided by the court without oral hearing[.]"). Thus, there is no merit to the plaintiffs' claim that State Farm obtained the deduction "surreptitiously."

Turning to the reduction of the award, "[a] trial court's ruling on a motion to reduce verdict based on a question of law, as here, is reviewed de novo." *State Farm Mut. Auto. Ins. Co. v. Hall*, 309 Ga. App. 271 (709 SE2d 867) (2011). Because it is a legal question, we need not defer to the trial court. *Suarez v. Halbert*, 246 Ga. App. 822, 824(1) (543 SE2d 733) (2000).

In the PTO, the plaintiffs expressly requested that "the amounts paid [by State Farm] be deducted from any verdict obtained by [them]." As discussed in Division 1, there was no abuse of discretion in precluding the plaintiffs from amending the PTO. Having received precisely what they requested, they cannot now complain of error. *Video Warehouse v. Newsome*, 285 Ga. App. 786, 788 (648 SE2d 124) (2007). Cf. *Phillips*, 268 Ga. at 319-20(1) (given the parties' concessions in the pre-trial order, Court would not address the issue appellants raised on appeal).

For these reasons, we affirm the verdict and the denial of the motion for new trial.

*Judgment affirmed. Doyle, P. J., and Padgett, J., concur.*