**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**August 18, 2021**

# In the Court of Appeals of Georgia

A19A1104. TERRY v. OLD HAT CHIMNEY, LLC.

MERCIER, Judge.

Mathew Terry sued Old Hat Chimney, LLC, and its employee, Nickolas James Payne, for damages allegedly sustained when a company van driven by Payne rear-ended Terry's vehicle. Terry asserted a negligence claim against Payne. He further alleged that Old Hat was (1) vicariously liable for Payne's negligence based on the doctrine of respondeat superior, and (2) directly liable to him for negligently hiring, training, and supervising Payne. Terry did not raise a claim for punitive damages.

After conceding that Payne was an Old Hat employee working within the scope of his employment at the time of the collision, Old Hat moved for partial summary judgment. Specifically, it sought judgment as a matter of law on Terry's direct

liability claim, arguing that any recovery for negligent hiring, training, and supervision would be duplicative because the company had "admitted to the essential elements of the respondeat superior theory of vicarious liability." The trial court granted Old Hat's motion, and Terry appealed. We affirmed the trial court's judgment on August 20, 2019, noting that pursuant to *Hosp. Auth. of Valdosta/Lowndes County v. Fender*, 342 Ga. App. 13 (802 SE2d 346) (2017),

> if a defendant employer concedes that it will be vicariously liable under the doctrine of respondeat superior if its employee is found negligent, the employer is entitled to summary judgment on the plaintiff's claims for negligent entrustment, hiring, training, supervision, and retention, unless the plaintiff has also brought a valid claim for punitive damages against the employer for its own independent negligence.

*Terry v. Old Hat Chimney*, 351 Ga. App. 673, 674 (832 SE2d 650) (2019).

The Supreme Court of Georgia subsequently granted Terry's application for certiorari, vacated our decision, and remanded the case to us for reconsideration in light of *Quynn v. Hulsey*, 310 Ga. 473 (850 SE2d 725) (2020). See *Terry v. Old Hat Chimney*, 2020 Ga. LEXIS 978 (2020). In *Quynn*, the Supreme Court considered whether the historical rule articulated in *Fender* (known as the "Respondeat Superior Rule") had been abrogated by OCGA § 51-12-33, Georgia's apportionment statute.

2

The Court ultimately determined that "the Respondeat Superior Rule is inconsistent with the plain language of the apportionment statute," id. at 477, and it overruled *Fender* and similar decisions that hold otherwise. See id. at 482 n.10.

In moving for partial summary judgment, Old Hat relied exclusively on the Respondeat Superior Rule, and the trial court granted Old Hat's motion solely on that basis. As recently found in *Quynn*, however, the rule and the cases applying it are no longer good law. Old Hat has offered no other grounds for affirming the trial court's summary judgment ruling. Accordingly, we reverse.

*Judgment reversed. Barnes, P. J., and Brown, J., concur.*