**THIRD DIVISION**
**DILLARD, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 3, 2024**

# In the Court of Appeals of Georgia

A24A0222. BARRETT, AS ADMINISTRATOR OF THE ESTATE OF LIZZIE CURRY v. FARRIOR et al.

HODGES, Judge.

In this action arising from a motor vehicle collision, Lisa Barrett, as the administrator of the estate of Lizzie Curry, deceased ("Barrett"), appeals an order of the State Court of Bibb County awarding summary judgment to Earl Farrior, Farrior's employer Iron Mountain Incorporated ("Iron Mountain"), and Iron Mountain's insurer ACE American Insurance Company ("ACE"). Barrett contends that the trial court erroneously concluded that there were no genuine issues of material fact as to how the collision occurred; that Farrior had the right of way as a matter of law; and that Iron Mountain and ACE were entitled to summary judgment. For the following reasons, we affirm in part and reverse in part the trial court's judgment.

Our standard of review is well settled:

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing a grant or denial of summary judgment, we owe no deference to the trial court's ruling and we review de novo both the evidence and the trial court's legal conclusions. Moreover, *we construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion.* In doing so, we bear in mind that the party opposing summary judgment is not required to produce evidence demanding judgment for it, but is only required to present evidence that raises a genuine issue of material fact.

(Citation omitted; emphasis supplied.) *Hart v. Phung*, 364 Ga. App. 399, 400 (876 SE2d 1) (2022). So viewed, the record reveals that Lizzie Curry ("Curry") and her daughter, Donna, were driving on Forest Hill Road in Macon, Bibb County, on March 21, 2016; at the same time and place, Farrior was driving an Iron Mountain truck in the course of his employment with Iron Mountain. According to Curry, Farrior was driving in the left lane and Curry was in the right lane, and the two vehicles were "roughly even" as they crossed Northside Drive. After crossing Northside Drive, Curry noticed Farrior's truck's wheel "getting closer to [her]." Curry exclaimed, "Oh my God . . . that truck [is] going to hit us." As a result, Curry accelerated "a

little bit" because "[Farrior] was going to come over on [her] so that way [she could] get out of his way." Curry also noticed that Farrior appeared to be looking down. Curry was able to get "a little bit in front of the truck" while remaining in the right lane, when Farrior struck Curry's vehicle. Donna deposed that the collision occurred while there were still two lanes of travel, i.e., before the right lane merged into the left lane. After the vehicles came to rest, Farrior approached Curry, apologized, and said he did not see her because she was in his blind spot. Police responded and prepared a report, but Curry disagreed with the officer's diagram depicting the manner in which the merge occurred.[1] Neither party received a citation as a result of the collision.

In contrast, Farrior stated that he knew Forest Hill Road reduced from two lanes to one after it crossed Northside Drive, which is why he was in the left lane. He testified that Curry's vehicle, which he never saw prior to the collision, "snipped" his front bumper as she tried to get around his truck "on the merge" and that Curry struck his truck on the right side of the front passenger side tire. Farrior added that the vehicles were "at the end of the merging" when the collision occurred. When

---

[1] Neither the diagram nor the police report, of which the diagram was a part, are included in the record on appeal.

3

confronted with Donna and Curry's testimony that Farrior "came over into their lane[,]" Farrior disagreed, asserting that Curry cut in front of him.

Curry filed suit against Farrior, Iron Mountain, and ACE in October 2017. The defendants moved for summary judgment in May 2020, and following a hearing,[2] the trial court granted the defendants' motion for summary judgment. In support of its conclusion that "there is no genuine issue as to any material fact and the [d]efendants are entitled to a judgment as a matter of law[,]" the trial court found that

> [t]he evidence shows [Farrior] had the right of way as a matter of law. (OCGA § 40-6-42, OCGA § 40-6-43). Farrior had legal right to the entire lane. [Curry] . . . merged into [Farrior] causing the accident. Plaintiff has failed to produce evidence that Farrior failed to exercise ordinary care or was negligent. Iron Mountain admitted that respondeat superior applies in this case and therefore [Curry]'s claims for negligent entrustment, hiring and retention fail. [Curry] failed to present any evidence that Iron Mountain failed to perform regular maintenance inspections or of any mechanical defect that contributed to the accident. Absence of this in the record is sufficient to find in favor of Iron

---

[2] The trial court initially granted the defendants' motion in October 2020, but set the order aside when it learned from Curry's counsel that Curry passed away in July 2020. It was not until February 2022 that Curry's counsel filed a response to the defendants' summary judgment motion. The trial court substituted Barrett, as the administrator of Curry's estate, as the party plaintiff in a March 2022 order.

Mountain. Finally, Plaintiff has provided no basis for a direct action against [ACE] as required by OCGA § 40-1-112 (c).

(Citations and emphasis omitted.) This appeal follows.

1. In two related enumerations of error, Barrett contends the trial court erroneously concluded that: (a) there were no genuine issues of material fact and that Farrior was entitled to judgment as a matter of law; (b) Farrior had the right of way as a matter of law; and (c) Curry merged into Farrior as a matter of law. The core of Barrett's argument highlights conflicting testimony concerning the manner in which the collision occurred. After review of the record, we reverse the grant of summary judgment to Farrior.

(a) *Negligence Generally*. "To prove negligence, a plaintiff must establish four elements: duty, breach of that duty, causation, and damages." (Citation and punctuation omitted.) *Wang v. Dukes*, 368 Ga. App. 661, 664 (1) (890 SE2d 283) (2023).

> Negligence is not susceptible to summary adjudication except where the evidence is plain, palpable, and indisputable that the respondent cannot present any slight evidence on each essential element of the action in rebuttal to create a jury issue. Questions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for

the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases.

(Citations and punctuation omitted.) Id.; see also *Hart*, 364 Ga. App. at 406-407 (2).

Here, the record demonstrates the existence of questions of fact which preclude summary judgment in Farrior's favor. First, there is conflicting testimony concerning the location of the collision: Farrior testified that it occurred "right at the end of the merging" and that Curry's "lane was running out[,]" while Donna stated that the collision occurred while both vehicles "were still in two lanes" of travel separated by lines on the roadway. Second, Farrior indicated that he was traveling straight in the left lane when Curry's vehicle came from "out of nowhere," cutting him off, while Curry testified that Farrior came into her lane. Finally, Farrior stated that Curry struck his front passenger-side tire, while Curry claimed Farrior hit the back of her driver's side. Stated succinctly, the trial court's conclusion that "[Curry] . . . merged into [Farrior] causing the accident[,]" cannot be reconciled with the evidence when it is viewed in a light most favorable to Curry. See *Wang*, 368 Ga. App. at 665 (1); *Hart*, 364 Ga. App. at 407 (2).

Similarly, the trial court's statement that Curry "failed to produce evidence that Farrior failed to exercise ordinary care or was negligent" is contrary to a proper consideration of the evidence. Specifically, Curry repeatedly stated that she saw Farrior looking down while driving. Although Curry speculated that Farrior may have been looking at his cell phone, what he was looking at is not entirely relevant; Curry's testimony was consistent that Farrior was looking down at something.

> Consideration of a summary judgment motion
>
> does not authorize the trial court to sit as both judge and jury, weighing the evidence and deciding issues that are traditionally for the jury. The sole function of the court on a motion for summary judgment is, rather, to determine whether there exists a genuine issue of material fact. In the instant case it is clear that such issues exist.

(Citation and punctuation omitted.) *Haire v. City of Macon*, 200 Ga. App. 744, 747 (409 SE2d 670) (1991). As a result, we conclude that "the trial court erred by granting summary judgment to [Farrior] rather than allowing the case to proceed to trial because material questions of fact exist in the record." *Wang*, 368 Ga. App. at 665 (1). Accordingly, we reverse the trial court's grant of summary judgment to Farrior.

(b) *Right of Way.* Farrior's grant of summary judgment is not rescued by the trial court's conclusion that he "had the right of way as a matter of law. (OCGA § 40-6-42, OCGA § 40-6-43).[3] Farrior had legal right to the entire lane." Here, Curry

[3] OCGA § 40-6-42 provides:

The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules stated in this article:

(1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle; and

(2) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

OCGA § 40-6-43 states:

(a) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(1) When the vehicle overtaken is making or about to make a left turn; or

8

acknowledged that the right lane of Forest Hill Drive merges into the left lane, and both parties agreed that Farrior was in the left lane and Curry was in the right lane. That Farrior had the right of way to occupy the *left* lane does not necessarily absolve him of liability in this case, particularly in light of Curry's testimony that Farrior ventured from his lane and struck Curry in the *right* lane.[4] See generally *Wang*, 368 Ga. App. at 665 (1) ("[E]ven if a driver is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching an intersection, this will not relieve the driver having the right of way *of his own legal duty to exercise ordinary care under the facts and circumstances of the situation*.") (citation and punctuation omitted; emphasis supplied). As a jury could conclude that Farrior wavered from the left lane, in which

---

(2) Upon a street or highway with unobstructed pavement of sufficient width for two or more lanes of moving vehicles in the direction being traveled by the overtaking vehicle.

(b) If otherwise authorized, the driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. Such movement shall not be made by driving off the roadway.

[4] Of note, the defendants do not address the trial court's finding as to Farrior's right of way in their appellees' brief.

he had the right of way, into the right lane and struck Curry, summary judgment in Farrior's favor is inappropriate.

2. Next, Barrett asserts that the trial court erred in awarding Iron Mountain summary judgment based upon respondeat superior. Because Barrett withdrew her claims against Iron Mountain for negligent entrustment, hiring, and retention and negligent maintenance (the "Iron Mountain claims"), we affirm that portion of the trial court's order under the "right for any reason" rule.

In response to the defendants' summary judgment motion challenging Barrett's Iron Mountain claims, Barrett "did not dispute the Defendants' arguments as to [the Iron Mountain claims] and concedes to the [trial] Court dismissing these specific claims against the Defendants." Nevertheless, in its order granting the defendants' summary judgment motion, the trial court stated: "Iron Mountain admitted that respondeat superior applies in this case and therefore [Curry]'s claims for negligent entrustment, hiring and retention fail" and that Curry "failed to present any evidence that Iron Mountain failed to perform regular maintenance inspections or of any mechanical defect that contributed to the accident."[5]

---

[5] It appears that these statements were taken verbatim from the trial court's earlier order granting the defendants' summary judgment motion, entered following

Although the trial court's order misconstrued the nature of the disposition of Barrett's Iron Mountain claims, dismissal of those claims was still proper in view of Barrett's concession.[6] "Under the 'right for any reason' rule, an appellate court will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied." (Punctuation omitted.) *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002). Therefore, we affirm that portion of the trial court's order dismissing Barrett's claims for negligent entrustment, hiring, and retention and negligent maintenance against Iron Mountain.[7]

3. Finally, Barrett contends that the trial court erroneously granted summary judgment to ACE. In view of our reversal of the trial court's judgment granting Farrior's summary judgment motion, we agree and reverse.

---

Curry's failure to respond to the motion. See n. 2, supra.

[6] We note that the respondeat superior doctrine was abrogated by the enactment of the apportionment statute in 2005. See OCGA § 51-12-33; *Quynn v. Hulsey*, 310 Ga. 473, 475-477, 482 (850 SE2d 725) (2020).

[7] The question of Iron Mountain's liability for Farrior's negligence remains. See generally *ABM Aviation v. Prince*, 366 Ga. App. 592, 595 (1) (884 SE2d 8) (2023) ("Under Georgia law, an employer is responsible for the negligent or intentional torts of its employee, provided they are committed by the employee in furtherance and within the scope of the employer's business.").

In its order, the trial court stated only that Barrett "provided no basis for a direct action against [ACE] as required by OCGA § 40-1-112 (c)." OCGA § 40-1-112 (c) provides that "[i]t shall be permissible under this part for any person having a cause of action arising under this part to join in the same action the motor carrier and the insurance carrier, whether arising in tort or contract." As we have reversed summary judgment in Farrior's favor, such that Farrior's liability and Iron Mountain's liability as Farrior's employer are yet unsettled, we likewise reverse the trial court's award of summary judgment in ACE's favor.[8]

*Judgment affirmed in part and reversed in part. Dillard, P. J., and Watkins, J., concur.*

---

[8] ACE rightly characterizes OCGA § 40-1-112 as "derivative in nature." See generally *Verhein v. South Bend Lathe*, 598 F2d 1061, 1064 (II) (7th Cir. 1979) ("An insurance company's liability under the Wisconsin direct action statute is derivative, i. e., the 'insurer is not liable unless the assured is.'") (citations and punctuation omitted); *Ogawa v. U. S. Explore & Study*, No. 11-00002, 2013 U. S. Dist. LEXIS 72414, at *5 (1), n. 2 (D. Guam 2013) (noting that a direct action claim against an insurer is derivative of a negligence claim).